(211 P.3d 861)
No. 100,152

STATE OF KANSAS, *Appellee*, v. MICHAEL A. JOHNSON, *Appellant*.

—

Opinion filed July 24, 2009.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Benjamin J. Fisher*, senior assistant district attorney, *Keith E. Schroeder*, district attorney, and *Steve Six*, attorney general, for appellee.

Before MALONE, P.J., GREEN and STANDRIDGE, JJ.

MALONE, J.: Michael A. Johnson appeals the district court's revocation of his probation and order to serve his underlying prison sentence. Johnson contends the district court failed to consider placing him at the Labette Correctional Conservation Camp (Labette) as required by K.S.A. 21-4603d(g) before ordering him to serve his underlying prison sentence.

Johnson was convicted of four counts of burglary of a non-dwelling. The district court imposed a presumptive sentence under the Kansas sentencing guidelines and initially placed Johnson on probation. However, at a subsequent hearing after a second motion to revoke and a prior revocation, the district court found Johnson had violated his probation and ordered him to serve his underlying prison sentence. At the hearing, the district court failed to consider placing Johnson at Labette as an alternative to prison.

On appeal, Johnson acknowledges that the evidence established a probation violation; however, he argues that the district court erred by failing to consider placing him at Labette or any of the other nonprison alternatives set forth in K.S.A. 21-4603d(g). The State concedes that Johnson was eligible for placement at Labette and the case should be remanded for the district court to comply with the statute.

This case involves interpretation of K.S.A. 21-4603d(g). Interpretation of a sentencing statute is a matter of law, and an appellate court's standard of review is unlimited. *Abasolo v. State,* 284 Kan. 299, 303, 160 P.3d 471 (2007).

K.S.A. 21-4603d(g) provides in relevant part:

"[P]rior to revocation of a nonprison sanction of a defendant whose offense is classified in the presumptive nonprison grid block of either sentencing guideline grid . . . , the court shall consider placement of the defendant in the Labette correctional conservation camp, conservation camps established by the secretary of corrections . . . or a community intermediate sanction center. Pursuant to this paragraph the defendant shall not be sentenced to imprisonment if space is available in a conservation camp or a community intermediate sanction center and the defendant meets all of the conservation camp's or a community intermediate sanction center's placement criteria unless the court states on the record the reasons for not placing the defendant in a conservation camp or a community intermediate sanction center."

Kansas appellate courts have held that the language of K.S.A. 21-4603d(g) is mandatory, and if the record reflects that the district court failed to consider Labette as an option for an eligible defendant, the case must be remanded to district court to comply with the statute. See *State v. Wiegand,* 275 Kan. 841, 846-47, 69 P.3d 627 (2003); *State v. Schick,* 25 Kan. App. 2d 702, 703-04, 971 P.2d 346 (1998), *rev. denied* 266 Kan. 1114 (1999). Typically, we would remand this case to the district court to consider placing Johnson at Labette.

However, while this appeal was pending, the Kansas Department of Corrections has provided notice in the Kansas Register that the Labette facility closed effective June 30, 2009. On June 25, 2009, Secretary of Corrections Roger Werholtz issued a "Notice Concerning Cessation of Operations of Labette Correctional Conservation Camps and Suspension of Intensive Substance Abuse

Treatment Programming in Kansas Department of Corrections Facilities." The notice stated in part:

"In regard to the former subject of this Notice, due to lack of appropriated funding for its operation in Fiscal Year 2010, the Labette Community Correctional Conservation Camp for males (more commonly knows as the 'Labette County male boot camp') shall cease to operate as of June 30, 2009. It shall not thenceforth be available in practice as a sentencing disposition for male offenders who are subject to possible placement therein by sentencing courts pursuant to K.S.A. 21-4603d(a)(5) or (g)." 28 Kan. Reg. 1026 (2009).

The Kansas Register is an official publication of the State of Kansas, published by authority of K.S.A. 2008 Supp. 75-430. K.S.A. 60-409(b)(4) allows courts to take judicial notice without request by a party of "specific facts . . . which are capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy."

In *Wiegand*, the Kansas Supreme Court took judicial notice that the community intermediate sanction center (CISC), another non-prison alternative provided in K.S.A. 21-4603d(g), was never funded by the Department of Corrections based upon an official notice published in the Kansas Register by the Secretary of Corrections. The Supreme Court recognized the "practical implications" of the notice and held that a sentencing court need not consider placement of the defendant at the CISC due to the non-existence of such a facility, even though placement at the facility was expressly authorized under K.S.A. 21-4603d(g). *Wiegand,* 275 Kan. at 846-47.

Likewise, we take judicial notice that the Labette facility has ceased to operate as of June 30, 2009. The notice from the Secretary of Corrections indicated that the facility is closed for both male and female offenders. As stated in the notice, the facility is no longer available as a sentencing disposition for offenders who are subject to possible placement at the facility pursuant to K.S.A. 21-4603d(g). With the closing of Labette, there is no longer any conservation camp in Kansas operated by the Department of Corrections. In practice, all the nonprison alternatives provided in K.S.A. 21-4603d(g) either never were created or currently no longer exist as viable placement alternatives.

Accordingly, we find that it would be a useless formality to remand Johnson's case to district court for consideration of Labette or any other nonprison alternative provided in K.S.A. 21-4603d(g). Because this was the only issue raised on appeal, we conclude that the district court's order for Johnson to serve his underlying prison sentence should be upheld. If the Secretary of Corrections provides official notice that Labette or any other nonprison alternative provided in K.S.A. 21-4603d(g) becomes available in the future, then sentencing courts will need to comply with the language of the statute.

Affirmed.