(264 P.3d 511)
No. 104,144

STATE OF KANSAS, *Appellee*, v. DEAN A. GREBE, *Appellant*.

Opinion filed October 28, 2011.

*Christina M. Waugh*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREENE, C.J., GREEN, J., and LARSON, S.J.

GREENE, C.J.: Dean A. Grebe appeals his sentences imposed in a consolidated sentencing after convictions in four cases wherein he was variously charged with driving under the influence, driving while suspended, offender registration violations, and domestic battery. On appeal Grebe challenges the fines imposed, arguing the district court failed to consider the alternative payment method for the fines. He also challenges the imprisonment imposed, arguing the court erred (1) in failing to consider his motion for departure and (2) in enhancing his sentence based on his criminal history. We affirm both the fines and imprisonment imposed, and we dismiss the general sentencing challenge.

## FACTUAL AND PROCEDURAL BACKGROUND

Dean Grebe challenges his sentences in four Sedgwick County cases that were consolidated for sentencing. In case No. 08 CR 1130, Grebe pled guilty and was sentenced for driving under the influence—third conviction, and driving while suspended. The district court judge authorized work release in this case. The court imposed a $1,500 DUI fine and a $100 fine for driving while suspended.

In case No. 09 CR 86, Grebe pled guilty to driving under the influence—fourth or subsequent conviction, and driving while suspended. The court imposed a 12-month sentence for DUI and a 6-month sentence for driving while suspended. The court imposed a $2,500 DUI fine and a $100 driving while suspended fine.

In case No. 09 CR 87 Grebe pled guilty to driving under the influence—fourth or subsequent conviction, driving while suspended, and domestic battery. The court imposed a 12-month sentence for DUI, a 6-month sentence for driving while suspended, and a 6-month sentence for domestic battery. The court imposed a $2,500 DUI fine and a $100 driving while suspended fine.

In case No. 09 CR 583, Grebe pled guilty to two counts of offender registration violation. Grebe made a motion for a durational/ dispositional departure in this case. The district court denied the motion. Grebe's first count of offender registration violation was the primary count, and the district court imposed the low pre-

sumptive sentence of 53 months. The court then imposed the low presumptive sentence of 31 months for the second count of offender registration violation. The court ordered that all of the sentences in case Nos. 09CR86, 09CR87, and 09CR583 run concurrent with each other and consecutive to the sentence in case No. 08CR1130.

Grebe timely appeals his sentences.

## DID THE DISTRICT COURT ERR IN FAILING TO CONSIDER THE ALTERNATIVE METHOD OF PAYMENT IN IMPOSING FINES?

Regarding the DUI fines, Grebe argues that the district court was required to consider the alternative method of paying the required fines by community service. Construing a particular statute imposing a fine is a question of law over which appellate courts have unlimited review. See *State v. Raschke*, 289 Kan. 911, 914, 219 P.3d 481 (2009).

Grebe relies on *State v. Copes*, 290 Kan. 209, 224 P.3d 571 (2010). In *Copes*, our Supreme Court held that a trial court "must take into account the defendant's financial resources and the burden of the fine when considering the method of payment of a fine for a fourth or subsequent DUI offense, *i.e.*, whether the defendant must pay a monetary fine or provide community service under K.S.A. 2009 Supp. 8-1567(j)." 290 Kan. at 223. The court further explained that although the fine is mandatory, the alternative method of payment requires consideration by the trial court. 290 Kan. at 223.

Here, the district court correctly imposed the required $1,500 fine for Grebe's third DUI and two $2,500 fines for Grebe's two fourth or subsequent DUI convictions, but it failed to consider Grebe's financial circumstances for the method of fine payment. See *State v. Adam*, No. 103,090, 2011 WL 867608 (Kan. App. 2011) (unpublished opinion), *rev. denied* September 23, 2011 (applying *Copes* to third DUI conviction). By failing to consider Grebe's ability to pay and the burden the payment will impose on him, the trial court bypassed the statutory consideration of whether community service was a preferential option for payment.

The State argues, however, that because Grebe was sentenced to 53 months in jail and because the applicable statute requires any community service imposed to be performed within 1 year of imposition, the community service option was not available to Grebe and need not have been considered by the district court, citing K.S.A. 2007 Supp. 8-1567(j), which provided:

"In lieu of payment of a fine imposed pursuant to this section, the court may order that the person perform community service specified by the court. The person shall receive a credit on the fine imposed in an amount equal to $5 for each full hour spent by the person in the specified community service. *The community service ordered by the court shall be required to be performed not later than one year after the fine is imposed or by an earlier date specified by the court.* If by the required date the person performs an insufficient amount of community service to reduce to zero the portion of the fine required to be paid by the person, the remaining balance of the fine shall become due on that date." (Emphasis added.)

The State's argument has been accepted by another panel of our court in *State v. Williams*, No. 103,338, 2010 WL 5490740 (Kan. App. 2010) (unpublished opinion), *rev. denied* 291 Kan. ___ (2011). There, this court found that because K.S.A. 2009 Supp. 8-1567(j) directs that the community service be "required to be performed not later than one year after the fine is imposed," the defendant, who was serving a 21-month prison sentence, could not complete any community service within 1 year of the date the court imposed the fine, thus rendering harmless the district court's error in failing to consider the alternative of community service. 2010 WL 5490740, at *1.

Although *Williams* may seem incompatible with *Copes*, our Supreme Court in *Copes* did not specifically address the "not later than one year" provision of the statute the State brings to this court's attention. Clearly, when an aspect of a statute was neither framed for consideration nor considered by the court in a controlling decision, this does not bar a later inconsistent adjudication where the language not previously considered appears to drive a different result. See *Graham v. Dokter Trucking Group*, 284 Kan. 547, 555, 161 P.3d 695 (2007).

For these reasons, we conclude there was no error in imposing such fines without consideration of a statutory option that was clearly unavailable to Grebe. See *State v. Johnson*, 42 Kan. App. 2d 356, 359, 211 P.3d 861 (2009). The imposition of Grebe's fines must be affirmed.

### DID THE DISTRICT COURT VIOLATE GREBE'S CONSTITUTIONAL RIGHTS IN ENHANCING HIS SENTENCE BASED ON CRIMINAL HISTORY?

Grebe also claims the use of his criminal history to enhance the sentencing penalty for his convictions constituted a violation of his constitutional rights pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). In *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002), our Supreme Court has rejected this claim. Grebe acknowledges this fact, but includes the issue to preserve it for federal review. This court is bound by the holding in *Ivory* absent some indication the court is departing from this holding. See *State v. Barajas*, 43 Kan. App. 2d 639, 649, 230 P.3d 784 (2010).

### WE LACK JURISDICTION TO ADDRESS GREBE'S CHALLENGE TO HIS PRESUMPTIVE SENTENCES

Finally, Grebe contends the district court erred in sentencing him to a presumptive sentence in case No. 09 CR 583 rather than granting his oral motion for dispositional or durational departure sentences. The State counters that this court does not have jurisdiction to review this claim, as Grebe's sentences were presumptive sentences. We agree with the State.

The district court sentenced Grebe to presumptive terms of imprisonment for both of his offender registration violation convictions. This court is without jurisdiction to consider this issue. See K.S.A. 21-4721(c)(1) (appellate court shall not review any sentence within the presumptive sentencing range for the crime); *State v. Huerta*, 291 Kan. 831, 835, 247 P.3d 1043 (2011) (reaffirming that K.S.A. 21-4721(c)(1) eliminates appeals of presumptive sentences). Thus, we must dismiss this aspect of Grebe's appeal.

Appeal dismissed in part and affirmed in part.