NOT DESIGNATED FOR PUBLICATION

Nos. 115,113
115,115
115,116
115,117
115,118

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALLEGRO EDWARDS, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed October 7, 2016. Dismissed in part, and affirmed in part.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h)

Before MALONE, C.J., SCHROEDER, J., and WALKER, S.J.

*Per Curiam*: This is a consolidated appeal involving five cases. In case No. 15CR634, Allegro Edwards, Jr., appeals the district court's denial of his motion for a downward dispositional departure. Edwards further argues the district court erred in revoking his probation in the other four cases—Nos. 14CR489, 14CR546, 14CR549, and 15CR7. This court granted Edwards' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67).

1

This court lacks jurisdiction to consider challenges to the imposition of a presumptive sentence under the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2015 Supp. 21-6801 *et seq*. Accordingly, we must dismiss Edwards' appeal of the denial of his departure motion. Based on our review of the record, we find no abuse of discretion in the district court's revocation of Edwards' probation and, therefore, affirm.

Edwards entered a plea of no contest and was convicted of two level 9 nonperson felonies—theft and theft by deception—in 15CR634. These crimes were committed while Edwards was on probation in four other cases. The presentence investigation report indicated Edwards' criminal history score was B. Prior to sentencing, Edwards filed a motion for downward dispositional departure to probation. The district court denied Edwards' motion and imposed the guidelines sentence of 14 months' imprisonment for the theft conviction, concurrent with 6 months' imprisonment for theft by deception. Specifically, the district court stated:

> "[T]he Court does not find . . . you are amenable to probation, you've clearly demonstrated that you are not going to be successful on probation, you were already on probation in four cases when you committed this new offense and I have no doubt that if I place you on probation you'd be right back before me again with a new case . . . .You just continue to commit these crimes, you clearly have no regard for the law, you have 24 prior convictions and so the Court is going to simply find in this case that there are not substantial and compelling reasons for the Court to grant a dispositional departure to probation."

Edwards argues the district court abused its discretion in denying his departure motion; however, he acknowledges an appellate court may not review a sentence within the presumptive guidelines. Indeed, this court cannot review Edwards' sentence.

Under the KSGA, appellate courts lack jurisdiction to consider challenges to the denial of a departure motion because the appellate courts lack jurisdiction to consider

appeals from presumptive sentences. See K.S.A. 2015 Supp. 21-6820(c)(1); *State v. Grebe*, 46 Kan. App. 2d 741, 745, 264 P.3d 511 (2011). Therefore, we must dismiss Edwards' appeal of the denial of his departure motion. *State v. J.D.H.*, 48 Kan. App. 2d 454, 458, 294 P.3d 343, *rev. denied* 297 Kan. 1251 (2013).

The district court found Edwards' new felony convictions constituted a violation of the terms of his probation in his other four cases. Additionally, the district court found Edwards violated the terms of his probation by failing to report as ordered to drug court, continuing to use illegal drugs, failing to submit to requested urinalysis testing, failing to comply with curfew restrictions, failing to notify his probation supervisor of his change in residence, and failing to complete his court-ordered outpatient treatment program. The district court revoked Edwards' probation and ordered him to serve his underlying sentences in all four cases which would run consecutive to his sentence in 15CR634.

Edwards asserts the district court erred in revoking his probation; however, he acknowledges that once there has been evidence of a violation of the terms of probation, the decision to revoke probation rests in the discretion of the trial court. A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). A court may revoke probation without imposing an intermediate sanction if the offender commits a new felony or misdemeanor while on probation. K.S.A. 2015 Supp. 22-3716(c)(8). Here, Edwards was convicted of two new felonies and violated several other conditions of probation. The district court did not abuse its discretion by revoking his probation. See *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006); *State v. Brown*, 51 Kan. App. 2d 876, 885, 357 P.3d 296 (2015), *rev. denied* 304 Kan. 1018 (2016).

Dismissed in part, and affirmed in part.