NOT DESIGNATED FOR PUBLICATION

No. 115,991

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEREMY KEITH VALADEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; MARK S. BRAUN, judge. Opinion filed July 14, 2017.
Reversed and remanded.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Michael Blackburn*, legal intern, *Jodi Litfin*, deputy district attorney, *Michael F. Kagay*, district
attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., PIERRON, J., and BURGESS, S.J.

*Per Curiam*: Jeremy Keith Valadez pled no contest to fleeing and eluding law
enforcement and driving under the influence (DUI). Valadez appeals, arguing the district
court erred when it assessed Board of Indigents' Defense Services (BIDS) attorney fees
without considering his financial resources or the nature of the burden payment of the
fees would impose. Valadez also contends the district court erred when it failed to
consider his financial resources and the nature of the burden payment of his fine would
impose before determining a method of payment for the fine. Finding that the district
court should have taken into consideration Valadez' financial recourses and the burden

1

imposed in paying the DUI fine, this matter is reversed and remanded for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement, Valadez pled no contest to DUI, third offense, and fleeing or eluding law enforcement. As part of the plea agreement, Valadez agreed not to appeal any conviction resulting from the plea.

The district court sentenced Valadez to consecutive sentences of 13 months' imprisonment for fleeing and eluding and 90 days in the Shawnee County Jail for his DUI conviction. The district judge assessed court costs, BIDS attorney fees, and a fine, stating:

> "What I'm also going to do is assess $171 in court costs, a $27 [*sic*] surcharge. I believe I saw the $120—or excuse me, the $200 DNA assessment on a prior case so I will not assess that. I will assess an attorney fee of $100, which is a reduction in that. I'm also going to assess a $100 BIDS' fee.
> . . . .
> "I'm going to assess a $1,750. I'm going to call that a DUI community corrections' fee of $1,750. I will not assess any other fine. I'm not aware of any other restitution or any other costs that need to be addressed."

Valadez appeals.

## VALADEZ DID NOT WAIVE THE RIGHT TO APPEAL HIS SENTENCE

The State argues Valadez waived his right to appeal the imposition of attorney fees in his plea agreement. The plea agreement states: "The Defendant shall not make any motion to withdraw the plea or appeal any conviction that results from the plea." The State argues this language indicates that "Valadez effectively agreed to not appeal any

sentence from his conviction as well." This argument ignores the plain language of the plea agreement. The agreement refers only to Valadez' conviction, which he has not appealed. Valadez did not waive the right to appeal his sentence in the plea agreement.

THE DISTRICT COURT ERRED WHEN IT FAILED TO CONSIDER THE NATURE OF THE BURDEN IMPOSED BY REQUIRING VALADEZ PAY BIDS FEES

Valadez argues the district court erred when it imposed BIDS attorney fees without expressly considering his financial resources and the burden imposed by ordering reimbursement of BIDS fees. Resolution of this issue requires interpretation and application of K.S.A. 22-4513, which is a question of law subject to unlimited review. *State v. Robinson*, 281 Kan. 538, 539, 132 P.3d 934 (2006).

Sentencing courts, at the time of the initial assessment of BIDS attorney fees under K.S.A. 22-4513, "must consider the financial resources of the defendant and the nature of the burden that payment will impose *explicitly*, stating on the record how those factors have been weighed in the court's decision." 281 Kan. at 546. The remedy for a sentencing court's failure to make explicit findings is to remand to the lower court for such findings. See 281 Kan. at 548.

The State argues the district court expressly considered Valadez' ability to pay because it reduced the amount of attorney fees by more than half. However, the district court did not inquire regarding Valadez' ability to pay BIDS fees. In addition, *Robinson* requires the district court state how it weighed Valadez' financial resources and the nature of the burden payment of BIDS fees would impose. Here, the district court did not make findings consistent with *Robinson*. Instead, the district judge simply stated: "I will assess an attorney fee of $100, which is a reduction in that." Since the district court did not state on the record how it weighed Valadez' financial resources and the nature of the burden

3

that payment of his BIDS attorney fees will impose, this matter must be reversed and remanded for further proceedings.

THE DISTRICT COURT ERRED WHEN IT FAILED TO CONSIDER VALADEZ' FINANCIAL RESOURCES BEFORE DETERMINING A METHOD OF PAYMENT OF HIS DUI FINE

K.S.A. 2016 Supp. 8-1567(f) states:

> "In lieu of payment of a fine imposed pursuant to this section, the court may order that the person perform community service specified by the court. The person shall receive a credit on the fine imposed in an amount equal to $5 for each full hour spent by the person in the specified community service. The community service ordered by the court shall be required to be performed not later than one year after the fine is imposed or by an earlier date specified by the court. If by the required date the person performs an insufficient amount of community service to reduce to zero the portion of the fine required to be paid by the person, the remaining balance of the fine shall become due on that date."

In *State v. Copes*, 290 Kan. 209, 223, 224 P.3d 571 (2010), the Kansas Supreme Court held the district court must consider the financial resources of a defendant and the nature of the burden the fine will impose before determining the method of payment of a DUI fine. In *State v. Grebe*, 46 Kan. App. 2d 741, 743-45, 264 P.3d 511 (2011), a panel of this court held the district court did not err despite failing to consider whether Grebe could pay his fine through community service because he was incarcerated for 53 months. As such, completing community service within 1 year was impossible.

Citing *State v. Bailey*, No. 110,936, 2014 WL 5849265, at *3 (Kan. App. 2014) (unpublished opinion), Valadez argues the relevant inquiry is "whether circumstances exist on the day of sentencing that will *definitely* prevent the defendant from completing community service within a year." Valadez contends between his 77 days of jail credit

4

and 20% good-time credit, he could finish his entire sentence with approximately 16 days left to pay a portion of the fine through community service.

The State argues applying *Bailey* using "hypothetical good time credit . . . sets a dangerous precedent for future decisions and greatly undermines the highly rational standard created in *Grebe*." It argues: "If a defendant can rely on hypothetical good time credit to assert the idea that their sentence will be finished in less than a year perhaps they can also rely on a hypothetical pardon from the governor or a hypothetical motion to modify sentence." At minimum, the State argues the consideration should be limited to "reasonable factors," including guaranteed jail-time credit, which makes the term of incarceration less than 1 year.

The State's argument is essentially an apples versus oranges comparison. A pardon is obviously an extremely remote possibility and even success on a motion to modify is incapable of being measured. While not necessarily definite—it must be earned— Valadez' good-time credit is calculable. See K.S.A. 2016 Supp. 21-6821(b)(2). In contrast, whether a defendant will receive a pardon or modification of sentence is incalculable.

Further, other panels have not rigidly applied *Grebe.* In *State v. Kent*, No. 105,118 2012 WL 308536 (Kan. App. 2012) (unpublished opinion), a panel of this court remanded for the district court to make findings concerning the manner and method of paying a DUI fine pursuant to *Copes* despite the defendant receiving a 12-month jail sentence. The panel noted: "Because Kent will be serving his sentence in jail rather than prison, he *may* qualify for a work release program which would allow him to perform community service in lieu of a fine. Thus, the rationale of *Grebe* does not apply here." (Emphasis added.) *Kent*, 2012 WL 308536, at *1. Although the State attempted to distinguish *Kent*, its brief acknowledged Kent "potentially" qualified for work release.

This present case is unlike *Grebe*. In that case, it was an impossibility for the sentence to be completed within 1 year. This case is more consistent with the *Kent* case which indicates that it does not need to be shown with certainty that community service can be completed within 1 year, only that it may be completed within 1 year. Valadez received 77 days of jail-time credit and he was also eligible for 20% good-time credit. K.S.A. 2016 Supp. 21-6821(b)(2)(B). Valdez was only sentenced to 13 months' imprisonment and 90 days' jail time. Thus, after jail-time credit and assuming Valadez earns all of the good-time credit he is eligible for, Valadez, like Kent, was potentially able to pay some of his fine through community service. As a result, the district court erred when it failed to consider his financial resources before determining the method of payment of the BIDS fees fine.

Reversed and remanded.