NOT DESIGNATED FOR PUBLICATION

No. 117,169

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SCOTTIE E. WASS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed September 1, 2017. Appeal dismissed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before GREEN, P.J., BUSER and LEBEN, JJ.

*Per Curiam*:  Scottie E. Wass appeals the sentence imposed upon his conviction for possession of methamphetamine with intent to distribute. Wass filed a motion for summary disposition in lieu of briefs in accordance with Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State filed a response and did not oppose Wass' motion for summary disposition. We granted the motion.

We conclude that under K.S.A. 2016 Supp. 21-6820(c)(1), we do not have jurisdiction to review the district court's imposition of the presumptive sentence. As a result, we dismiss Wass' appeal that claims the sentencing court erred in failing to grant the motion for a departure sentence.

1

FACTUAL AND PROCEDURAL BACKGROUND

In keeping with a plea agreement, on November 2, 2016, Wass pled guilty to one count of possession of methamphetamine with intent to distribute. On November 23, 2016, Wass' counsel filed a motion seeking a dispositional or durational departure sentence. The motion argued that Wass accepted full responsibility for his actions, rehabilitative programs existed that would be more effective in preventing recidivism than the presumptive prison sentence, and that under the Kansas Sentencing Guidelines prison should be reserved for violent offenders. Wass also filed a pro se motion for a dispositional departure sentence on December 13, 2016, which reprised similar arguments made in his counsel's departure motion.

At the December 14, 2016, sentencing hearing, Wass' defense counsel argued in support of the motion for a dispositional or durational departure. Specifically, counsel stressed that Wass had experienced many stressful life events leading up to his criminal conviction and that he took full responsibility for his actions. Defense counsel also emphasized that Wass believed he had a drug problem and anxiety issues that would be better addressed by the sentencing court granting probation rather than imposing a presumptive prison sentence.

Wass personally addressed the sentencing court. In his presentation, Wass stated that several of his family members had died which resulted in grief that led to his addiction to methamphetamine. Wass also argued that although he had an extensive prior record, he had never been convicted of "aggravated personal felonies."

The sentencing court concluded there were no substantial and compelling factors sufficient to merit a sentencing departure. The departure motion was denied and the sentencing court imposed a 59-month presumptive prison sentence—the middle number in the appropriate sentencing grid box.

DISCUSSION

On appeal, Wass contends the sentencing court erred in failing to consider his pro se sentencing motion and in failing to grant a departure sentence rather than the presumptive prison sentence.

Preliminarily, we can find no factual basis to support Wass' claim that the sentencing court did not consider his pro se departure motion. As noted earlier, Wass filed his motion the day before the sentencing hearing, the arguments raised in the pro se motion were similar to those raised in his defense counsel's written motion, and both Wass and his defense counsel orally argued to the sentencing court the merits of a departure sentence under the circumstances of this case. The record clearly shows that the sentencing court was fully advised of the merits of both departure motions.

Wass' principal claim is that the sentencing court erred in denying a dispositional or durational departure and in ordering imposition of the presumptive sentence of imprisonment. This claim requires us to question our jurisdiction.

In *State v. Johnson*, 286 Kan. 824, 842, 190 P3d 207 (2008), our Supreme Court held that "a sentence that falls within a grid block is constitutional and may be considered a presumptive sentence, and appellate courts lack jurisdiction [to consider a challenge to it]." See K.S.A. 2016 Supp. 21-6820(c)(1) ("On appeal from a judgment or conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review . . . [a]ny sentence that is within the presumptive sentence for the crime."); *State v. Grebe*, 46 Kan. App. 2d 741, Syl. ¶ 5, 264 P.3d 511 (2011).

In this case, when the sentencing court denied a dispositional or durational departure sentence and imposed a sentence within the appropriate grid box, it imposed a

3

presumptive sentence. Because we lack jurisdiction to consider Wass' challenge to the presumptive sentence imposed, the appeal is dismissed.

Appeal dismissed.