NOT DESIGNATED FOR PUBLICATION

No. 117,285

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

IN THE MATTER OF M.T.J.,
A Minor Child.

MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed September 1, 2017. Appeal dismissed.

*Paul E. Dean*, of Patton Putnam & Dean LLC, of Emporia, for appellant.

*Jonathon L. Noble*, assistant county attorney, and *Marc Goodman*, county attorney, for appellee.

Before MCANANY, P.J., STANDRIDGE, J., and WALKER, S.J.

PER CURIAM: M.T.J. appeals his sentence following his juvenile conviction for aggravated robbery. He was convicted of robbing a Casey's General Store in Emporia while armed with a gun. Following the robbery, he was detained in State custody pending further proceedings but was then released on house arrest with an ankle monitor. After plea negotiations, M.T.J. pled no contest to aggravated robbery. While awaiting sentencing, and without authority to do so, M.T.J. removed his ankle monitor. At the sentencing hearing, the court heard testimony about M.T.J.'s drug addiction, his mental health problems, and his performance during this and previous terms of probation. The district court sentenced M.T.J. to the maximum sentence: detention at the Youth Correctional Facility until he is 22 1/2 years old then six months of aftercare. M.T.J. appeals.

1

Under the Revised Kansas Juvenile Justice Code, we have no jurisdiction to consider appeals from presumptive sentences. See *State v. Grebe*, 46 Kan. App. 2d 741, 264 P.3d 511 (2011). We must dismiss this appeal if we find we do not have jurisdiction. *Board of Sedgwick County Comm'rs v. City of Park City*, 293 Kan. 107, 111, 260 P.3d 387 (2011). To the extent that this case involves the interpretation of a sentencing statute, we have an unlimited standard of review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Appeals from juvenile convictions are governed by K.S.A. 2016 Supp. 38-2380(b), which does not permit a juvenile offender to appeal a sentence for an offense committed on or after July 1, 1999, if the sentence "is within the presumptive sentence for the crime." M.T.J. does not claim his case falls within any of the limited exceptions found in K.S.A. 2016 Supp. 38-2380(b)(1)-(4).

Here, M.T.J.'s conviction was for a severity level 3 nondrug person felony, so he was classified as a violent offender II. M.T.J. concedes that being sentenced to the Youth Correctional Facility until he is 22 1/2 years old, followed by six months of aftercare, was within the presumptive sentence range for his offense. Thus, the jurisdictional prohibition of K.S.A. 2016 Supp. 38-2380(b) applies.

But M.T.J. claims that to not hear this appeal would be a denial of his due process rights. He does not explain how his due process rights would be violated nor does he cite any authority from any jurisdiction that suggests that a court's lack of jurisdiction to hear an appeal is a due process violation. Accordingly, he has abandoned this claim. See *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). Besides, our Supreme Court has determined that the right to appeal in Kansas is entirely statutory and there is no constitutional right to an appeal. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). Thus, we have no jurisdiction to hear this appeal from M.T.J.'s presumptive sentence.

2

Appeal dismissed.