NOT DESIGNATED FOR PUBLICATION

No. 121,198

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RONALD J. MCCOMBER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Chase District Court; MERLIN G. WHEELER, judge. Opinion filed May 1, 2020. Appeal dismissed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., BUSER and BRUNS, JJ.

PER CURIAM: Ronald McComber appeals the denial of his motion for a dispositional departure sentence. He argues the district court erred by considering his criminal history instead of just the facts of this case when it decided his reasons for a departure were not compelling. He maintains that his reasons to depart are especially compelling because of his lack of any recent criminal involvement. We dismiss his appeal because we have no jurisdiction to grant relief.

McComber pled no contest to failure to register as a drug offender, a severity level 6 nonperson felony. He was required to register—confirm that his information was up to date—four times a year, but he failed to do so in March 2018. His criminal history score was E. The presumptive sentence was between 28 and 32 months in prison. McComber asked for a dispositional departure to probation. In the motion, he argued there were four "substantial and compelling" reasons to depart:

- His crime was passive because he simply forgot to register;
- he accepted responsibility by pleading no contest;
- his failure to register resulted in no harm; and
- he is not a danger to public safety.

At the sentencing hearing, McComber downplayed his criminal history by stating that his last conviction was in 2014, and he had no convictions for any person felonies. The sentencing court denied the departure motion and sentenced McComber to 30 months in prison.

The court explained it was looking at a bigger picture than his criminal history when it denied his motion:

"The Court would not argue in any respect that any of the listed reasons cited by counsel, standing either jointly or individually, could serve as either substantial or compelling reasons to support departure in an appropriate case. However, they have to be viewed in the context of this case. And in the context of this case we are not dealing with an individual who has simply barely made the requirements of having a criminal history level of E, we're dealing with an individual who has been convicted six times previously for non-person felonies and 15 prior non-person misdemeanor convictions, which means that he has been afforded numerous opportunities to have changed his behavior and to have observed the rules of conduct expected by the State of Kansas.

"The Court also has to find that these reasons are substantial and compelling and those are two entirely separate and distinct matters. So, while I'm even—I'm willing to concede the possibility that these factors should be substantial, in light of the context of this case I do not find that they are compelling in any respect. It is, therefore, my decision that his motion for departure is denied and he will be ordered remanded to the custody of the Secretary to serve the balance of the sentence."

*The question of our jurisdiction arises.*

Under the Kansas Sentencing Guidelines Act, appellate courts lack jurisdiction to consider challenges to the denial of motions for departure sentences because the courts lack jurisdiction to consider appeals from presumptive sentences. *State v. Grebe*, 46 Kan. App. 2d 741, 745, 264 P.3d 511 (2011). An appellate court shall not review a sentence for a felony conviction that is within the presumptive Guidelines sentence for the crime. K.S.A. 2019 Supp. 21-6820(c); *State v. Sprung*, 294 Kan. 300, 317, 277 P.3d 1100 (2012).

But if

"a district court misinterprets its own statutory authority and explicitly refuses to consider a defendant's request for a discretionary, nonpresumptive sentence that the district court has statutory authority to consider, the appellate court may take up the limited question of whether the district court properly interpreted the sentencing statute." *State v. Warren*, 297 Kan. 881, Syl. ¶ 1, 304 P.3d 1288 (2013).

In *Warren*, the district court had ruled that it had no power to reduce Warren's sentence. But under the applicable statute, it did have such power. 297 Kan. at 886-87.

With these legal restrictions in mind, McComber argues that while generally appellate courts cannot review presumptive sentences, we can review whether the district

3

court erred as a matter of law by using an incorrect definition of "compelling" when considering his departure motion. He argues that the court considered the wrong "context." It could only consider the facts of this case and not his criminal history. Ironically, he then argues that his criminal history, or lack of recent convictions, was a reason the court should have granted his departure motion.

The State argues that McComber's invocation of an exception to the jurisdictional rule is equivalent to erasing the rule entirely.

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

Here, the district court did not rule that it had no authority to impose a departure sentence as the court did in *Warren*. The court recognized it could grant a departure if the reasons were substantial and compelling.

Departures are reserved for extraordinary cases. *State v. Brown*, 305 Kan. 674, 697, 387 P.3d 835 (2017). Under K.S.A. 2019 Supp. 21-6815(a), "the sentencing judge shall impose the presumptive sentence provided by the sentencing guidelines unless the judge finds substantial and compelling reasons to impose a departure sentence." The term "substantial" means something real, not imagined; something with substance, not ephemeral. "Compelling" means that the court is forced, by the facts of the case, to leave the status quo or go what is beyond ordinary. *State v. Reed*, 302 Kan. 227, 250, 352 P.3d 530 (2015).

In discussing what is meant by "the facts of the case," our Supreme Court has broadly instructed that the sentencing court is to consider what would be a proper sentence for a particular defendant:

> "the facts of the case—including any egregious ones—are essential for a judge to consider in deciding if a departure is warranted based on substantial and compelling reasons. Simply stated, a judge does not sentence in a vacuum. *The sentencing judge is to consider information that reasonably might bear on the proper sentence for a particular defendant, given the crime committed, including the manner or way in which an offender carried out the crime.* This includes those 'circumstances inherent in the crime and the prescribed sentence.' Provided the sentence imposed is within the statutory limits, '[i]t is the sentencing judge alone who determines the appropriate sentence to be imposed or other disposition of the case by exercising his or her best judgment, common sense, and judicial discretion *after considering all of the reports, the defendant's background, the facts of the case, and the public safety*.' [Citations omitted.]" *State v. Powell*, 308 Kan. 895, 914, 425 P.3d 309 (2018).

The Supreme Court has also said that the court should also consider mitigation. The sentencing court looks to the mitigating factors as a whole to determine whether there are substantial and compelling reasons to depart from the presumptive sentence in light of the offense, the defendant's criminal history, and the purposes of the guidelines. *State v. McKay*, 271 Kan. 725, 728, 26 P.3d 58 (2001).

A defendant's criminal history cannot be given as a reason to *grant* a departure because such criminal history is already considered in determining the presumptive grid sentence. *State v. Theurer*, 50 Kan. App. 2d 1203, 1227, 337 P.3d 725 (2014). But McComber does not point to any case holding that it was error for a court to discuss the defendant's criminal history when *denying* a departure. Our Supreme Court has acknowledged that courts do not sentence in a vacuum. The statute says when a departure sentence is appropriate, the sentencing court *may* depart, not *must* depart. See K.S.A. 2019 Supp. 21-6818(a). Moreover, at his sentencing hearing, McComber brought up his

criminal history, or lack thereof, as a reason why the court should depart. We are not convinced the district court made an error of law.

McComber further argues that his sentence is "arguably" illegal because the court did not properly consider the departure factors.

Whether a sentence is illegal within the meaning of K.S.A. 2019 Supp. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). A sentence is illegal when it:

- Is imposed by a court without jurisdiction;
- does not conform to the applicable statutory provisions, either in character or punishment; or
- is ambiguous with respect to the time and manner in which it is to be served. K.S.A. 2019 Supp. 22-3504(c).

McComber's sentence is not illegal. The district court imposed the middle number in the grid box. His sentence conforms to the statutory requirements. We have no jurisdiction.

Even if we did review McComber's appeal, the district court did not incorrectly define "compelling." The court correctly determined that the circumstances of the case did not force it "to 'abandon the status quo'" and venture beyond or depart from the ordinary sentence. See *State v. Cato-Perry*, 50 Kan. App. 2d 623, 629, 332 P.3d 191 (2014). The court made no reference to McComber's criminal history when it said the factors suggested were not compelling. The court was simply not compelled.

Appeal dismissed.