NOT DESIGNATED FOR PUBLICATION

No. 121,985

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LOGAN SHANE CACEK,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed May 8, 2020. Appeal dismissed.

*David L. Miller*, of Ney, Adams & Miller, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GARDNER, P.J., WARNER, J. and ROBERT J. WONNELL, District Judge, assigned.


PER CURIAM: Logan Shane Cacek appeals the district court's sentence of 41 months, claiming the district court erred in not sentencing him to a downward durational departure as it said it would at the sentencing hearing. Because Cacek was sentenced to 41 months, a presumptive sentence, we dismiss this appeal for lack of jurisdiction, as we explain below.

*Factual and Procedural Background*

Cacek pleaded guilty to one count of possession of marijuana with intent to distribute 9.92 grams of marijuana, a severity level 4 drug felony.

As part of the plea agreement, the State agreed to the following:

- to dismiss all remaining counts against Cacek;
- to dismiss another criminal case pending against him;
- to recommend a sentence of the high number in the grid box; and
- to recommend that the court follow the statutory presumption, believed to be prison.

The presentence investigation report showed Cacek had a criminal history score of B, placing him in a presumptive prison grid box—its low end of the sentencing range is 41 months and its high end is 47 months.

Before sentencing, Cacek moved for a downward dispositional and durational departure. In support of that motion, Cacek argued that several factors established substantial and compelling reasons for the district court to depart:

- he had accepted responsibility;
- he had strong familial support; and
- he had caused significantly less harm than typical for this kind of offense.

At the sentencing hearing, the district court denied Cacek's request for a dispositional departure. The issue on appeal is whether the district court granted Cacek's request for a durational departure. The court said:

"I am not going to put you on probation. I don't think it's the right thing to do to put you on probation. I am going to grant a durational departure to some extent. I think that for a number of reasons that durational departure is justified, and I will give you the reasoning behind why I feel it's important for us to do so. But I don't think I can justify—I can't justify a dispositional departure."

The district court then stated again that it would give Cacek a durational departure:

"I am going to show my good faith in you as well, and I am going to give you a durational departure. The durational departure I will give you is going to be on the low end of the sentencing range. So instead of the high end, we will move to the low end of the sentencing range, and that is 41 months with the Secretary of Corrections."

So rather than follow the State's recommendation, the district court sentenced Cacek to the low end of the grid box—to 41 months' imprisonment.

The journal entry of sentencing shows that the district court denied Cacek's motion for dispositional and durational departure, and it does not state any reasons supporting a departure sentence. Cacek timely appeals his sentence.

*Did the District Court Err in Imposing a Presumptive Prison Sentence After It Stated It was Granting Cacek's Motion for a Downward Durational Departure?*

Cacek contends that the district court erred in imposing a presumptive prison sentence after it twice stated during the sentencing hearing that it was granting his motion for a downward durational departure. The State responds that Cacek's appeal is statutorily prohibited as we lack jurisdiction to consider Cacek's claim of error. The State's position is that we lack jurisdiction to review the case because the district court imposed a presumptive sentence. This court generally does not have jurisdiction to review presumptive prison sentences. K.S.A. 2019 Supp. 21-6820(c)(1). It contends that the

3

district court simply misspoke by referring to the mitigated number in the grid box as a "durational departure."

We must first address this jurisdictional issue. Whether jurisdiction over a claim exists is a question of law. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

Cacek argues that this court has jurisdiction to hear his claim because the district court orally granted his motion for durational departure. He contends that the district court granted his motion from the bench, so it erred by imposing a grid box sentence. And, he contends, the journal entry errs in stating that the district court denied Cacek's motion for a durational departure and in imposing a sentence of 41 months.

As the State notes, a criminal sentence becomes effective once it is announced from the bench; it does not derive its effectiveness from the sentencing journal entry. *Abasalo v. State*, 284 Kan. 299, 304, 160 P.3d 471 (2007). Thus, the district court's ruling from the bench at sentencing is what controls, regardless of the court's intent at the time of pronouncement. 284 Kan. at 310. Our task is thus to determine what sentence the district court pronounced.

True, the district court twice stated that it was granting Cacek's durational departure motion. But the court explained what it meant by saying that. First, it said it was granting that motion "to some extent." Then it explained that "[t]he durational departure I will give you is going to be on the low end of the sentencing range. So instead of the high end, we will move to the low end of the sentencing range, and that is 41 months with the Secretary of Corrections."

Although labeling the low end of the sentencing range a "durational departure" is inaccurate, we find nothing unclear about what the district court's sentence was when we view all the court's statements at sentencing in context. Instead of imposing the 47

4

months the State recommended in the plea agreement, the district court found that the facts justified a sentence at the low end of the grid box—41 months.

Along with the district court's explanation of its phraseology, two other factors support this conclusion. First, the journal entry of sentencing shows that the district court *denied* Cacek's motion for dispositional and durational departure and imposed a grid box sentence of 41 months. According to the journal entry, Cacek got a presumptive sentence, not a departure sentence. "'[D]urational departure' means a departure sentence which is inconsistent with the presumptive term of imprisonment or nonimprisonment" and "'presumptive sentence' means the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the offender's current crime of conviction and the offender's criminal history." K.S.A. 2019 Supp. 21-6803(i), (q). Cacek does not show that he either tried to correct the journal entry or argued to the district court that it did not reflect the sentence pronounced from the bench.

Second, the district court did not attempt at sentencing to provide substantial and compelling reasons for granting a departure, as is required by statute when a departure is granted. K.S.A. 2019 Supp. 21-6815(a) requires a sentencing judge to impose a presumptive sentence unless the judge finds substantial and compelling reasons to impose a departure. And if the sentencing court finds substantial and compelling reasons support a departure to a sentence within the appropriate sentencing gridlines, that court must state on the record those substantial and compelling reasons. K.S.A. 2019 Supp. 21-6627(d)(1). See *State v. Jolly*, 301 Kan. 313, 324, 342 P.3d 935 (2015). Had the experienced sentencing judge granted the departure motion, he would have likely made some attempt to articulate the compelling reasons for doing so. Instead, he only tangentially referenced the fact that Cacek had a supportive family and told Cacek he needed to seek substance abuse treatment once he was released from prison.

5

Under the KSGA, we lack jurisdiction to consider a challenge to the denial of a motion for a departure sentence because we lack jurisdiction to consider appeals from presumptive sentences. K.S.A. 2019 Supp. 21-6820(c)(1) provides that on appeal from a judgment or conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review any sentence that is within the presumptive sentence for the crime. "Merely moving for a departure sentence does not grant the right of appeal to a defendant, if the result of the motion is a presumptive sentence." *State v. Huerta*, 291 Kan. 831, 835, 247 P.3d 1043 (2011); *State v. Grebe*, 46 Kan. App. 2d 741, 745, 264 P.3d 511 (2011) (holding that appellate courts lack jurisdiction to review the denial of motions for departure sentences because courts lack jurisdiction to review presumptive sentences). Here, the result of Cacek's motion is a presumptive sentence.

A narrow exception to that rule permits us to review a claim that the district court misinterpreted its own statutory authority to grant a departure sentence. *State v. Warren*, 297 Kan. 881, 883, 304 P.3d 1288 (2013). But Cacek does not invoke that exception here, and the record does not suggest that the district court misinterpreted its statutory authority. We thus lack jurisdiction to review Cacek's presumptive sentence.

Appeal dismissed for lack of jurisdiction.