NOT DESIGNATED FOR PUBLICATION

No. 121,255

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALVIN MAURICE MANUEL,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed September 25, 2020.
Affirmed in part and dismissed in part.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.


Before MALONE, P.J., BUSER and POWELL, JJ.


PER CURIAM: After a bench trial, the district court convicted Alvin Maurice
Manuel of two counts of violating the Kansas Offenders Registration Act (KORA) for
failing to register. Manuel appeals, claiming there was insufficient evidence to support
one of his convictions. He also claims the district court abused its discretion by denying
his motion for a dispositional departure. We find there was sufficient evidence to support
the conviction, and we lack jurisdiction to review Manuel's presumptive sentence.

1

In 2010, Manuel was convicted of aggravated assault, criminal threat, and domestic battery. Based on his convictions, Manuel had to register as a violent offender.

Manuel first registered on September 6, 2011. By law, Manuel needed to register in February, May, August, and November of each year. Manuel continued to comply with registration requirements until 2016. In 2016, Manuel registered in February and May, but he did not register in August or November.

Sedgwick County Sheriff's Deputy Seth Lenker of the Offender Registration Unit had the job of contacting offenders who failed to register and either get them to comply or he would file criminal charges against them. Lenker learned that Manuel had not reported on September 1, 2016. Upon receiving this information, Lenker called Manuel and asked him to turn himself in on some child support warrants and said if he did so, Lenker would not pursue registration violation charges. Manuel seemed willing to do as Lenker asked, but he also stated that he had no one to watch his children.

From September to December 2016, Lenker had several phone conversations with Manuel. During some of the calls, Manuel said he would turn himself in, but he never did. Manuel also told Lenker that he was afraid to turn himself in because he had received threats following his testimony in a federal gang prosecution. In an October 31, 2016 phone call, Lenker told Manuel that if he turned himself in by November 16, 2016, then Lenker would not file charges for failing to register.

As of December 5, 2016, Manuel had not turned himself in, so Lenker went to Manuel's house and arrested him. The State charged Manuel with two counts of failing to register: count one was for the failure to register on September 1, 2016 and count two was for failure to register on December 1, 2016. Manuel waived his right to a jury trial.

On December 20, 2018, the district court held a bench trial. Lena Kastner, who works in the sheriff's office Offender Registration Unit, testified that when Manuel first registered, he signed a form acknowledging his requirement to register and the process for doing so. Kastner explained the registration process and testified to Manuel's compliance with the registration requirements until his failure to register in August and November 2016. Lenker testified about his conversations with Manuel and his arrest. Manuel presented no evidence. The district court found Manuel guilty on both counts.

On April 23, 2019, the district court held a sentencing hearing. Manuel moved for a dispositional and a durational departure. Manuel argued that he wanted to register but childcare concerns and fear for his safety prevented him from doing so. He also argued that he had sought to assist law enforcement in gang related cases, but law enforcement decided his information was not of current value. The district court denied Manuel's departure motion and imposed a presumptive sentence of 40 months' imprisonment with 24 months' postrelease supervision. Manuel timely appealed the district court's judgment.

ANALYSIS

*Was there sufficient evidence to support Manuel's KORA violation conviction?*

Manuel first claims there was insufficient evidence to support his conviction of count one, failure to register on September 1, 2016. He asserts that "no criminal act . . . occurred on September 1, 2016, because an agreement had been reached whereby Manuel had been given additional time to report." Manuel argues that because he and Lenker had an oral agreement that if Manuel turned himself in by November 16, 2016, Lenker would not charge him with the violation, his deadline to report was November 16, 2016.

The State asserts that because an offender can report at any time during the month, a charge for violating KORA is completed on the first day of the month following the

3

offender's required registration month. Thus, the State argues that when Manuel failed to register in August 2016, he was properly charged with a failure to register on September 1, 2016. The State contends that Lenker's conversations with Manuel did not and could not modify the date Manuel had to register.

This court's standard of review for a challenge of the sufficiency of evidence is well known:

> "'When sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after reviewing all the evidence in a light most favorable to the prosecution, the appellate court is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt. Appellate courts do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations.'" *State v. Fitzgerald*, 308 Kan. 659, 666, 423 P.3d 497 (2018) (quoting *State v. Lloyd*, 299 Kan. 620, 632, 325 P.3d 1122 [2014]).

We agree with the State on Manuel's sufficiency of the evidence claim. K.S.A. 2019 Supp. 22-4905(b)(2) requires violent offenders to report in person once during "the month of the offender's birthday and every third, sixth and ninth month occurring before and after the month of the offender's birthday." Here, Manuel had to register in August 2016 and he failed to do so. Thus, Manuel committed the criminal act of failing to register under KORA on September 1, 2016. Contrary to Manuel's contention, Lenker's agreement with Manuel did not modify the date Manuel had to report. Lenker agreed that he would not *charge* Manuel with failing to register in August if he turned himself in by November 16, 2016. Thus, the agreement acknowledged that Manuel committed the crime of failing to report on September 1, 2016. It did not change the fact that by law Manuel was required to report in August 2016 and failed to do so.

In sum, there was sufficient evidence to support Manuel's conviction because he failed to register in August 2016. The criminal act of failing to register was complete on

4

September 1, 2016. As the State contends, any subsequent agreement on whether the offense would be charged did not and could not modify the date Manuel had to register.

*Did the district court abuse its discretion when it denied Manuel's motion for a departure sentence?*

Manuel claims the district court abused its discretion when it denied his motion for a downward departure because there were substantial and compelling reasons supporting a departure. The State correctly counters that this court lacks jurisdiction to address this issue because Manuel received a presumptive sentence. The district court sentenced Manuel to the mitigated presumptive sentence for each count. Because Manuel received a presumptive sentence, we have no jurisdiction to review his sentence. See K.S.A. 2019 Supp. 21-6820(c)(1); *State v. Grebe*, 46 Kan. App. 2d 741, 745, 264 P.3d 511 (2011) (finding this court has no jurisdiction to consider a challenge to district court's denial of motion for departure when the appellant received a presumptive sentence).

Affirmed in part and dismissed in part.