NOT DESIGNATED FOR PUBLICATION

No. 119,305

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRAVIS R. BUTCHER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed August 9, 2019. Appeal dismissed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MALONE, J., and STEVEN E. JOHNSON, District Judge, assigned.

PER CURIAM: Travis R. Butcher appeals his presumptive sentence following his conviction of reckless second-degree murder. Butcher claims the district court erred by denying his motion for a downward durational departure. But because this court cannot review any sentence that is within the presumptive sentence for the crime, we dismiss Butcher's appeal for lack of jurisdiction.

After a night of drinking with friends, Butcher offered Joey Valentine a ride. Butcher sped out of the bar parking lot, drove around 80 miles per hour in a residential

1

neighborhood, and ran his car into a tree. The impact split Butcher's car into two pieces and killed Valentine. Butcher's blood-alcohol level was nearly three times the legal limit. The State charged Butcher with one count of involuntary manslaughter while under the influence of alcohol. The State later amended the information to add an alternative count of reckless second-degree murder.

Butcher pled guilty to murder in the second degree, a severity level 2 person felony. In exchange for Butcher's plea, the State agreed to dismiss the involuntary manslaughter charge, recommended Butcher's sentence run consecutive to any other existing cases, and recommended the district court sentence Butcher to the presumptive mitigated sentence under the Kansas Sentencing Guidelines Act (KSGA). Butcher's presentence investigation (PSI) report showed that his criminal history score was I. His presumptive sentence ranged from a mitigated term of 109 months, a standard term of 117 months, to an aggravated term of 123 months in prison.

Before sentencing, Butcher moved for a downward durational departure sentence. Butcher's motion identified three grounds for a departure sentence:  (1) He accepted responsibility for the crime; (2) suitable rehabilitative programs outside prison were more likely to be effective than imprisonment; and (3) the degree of harm was less than typical because the victim, Valentine, was a willing passenger in the vehicle.

At sentencing, the State recommended the district court sentence Butcher to 109 months' imprisonment. Butcher argued for a departure sentence of 70 months because he accepted responsibility for the crime and did not require Valentine's family to go through a long trial. Butcher also presented a favorable letter from his employer. Butcher explained that a 70-month sentence, instead of a 109-month sentence, would allow him to stay in contact with his employer after sentencing and enroll in treatment sooner. Finally, Butcher argued the degree of harm was less than typical for a second-degree murder case because the victim "maybe made some poor decisions" by choosing to ride with Butcher.

2

After considering the arguments, the district court found there were no substantial and compelling reasons to depart from the presumptive sentence. The district court found that Butcher had accepted responsibility for the crime but that this fact carried little weight. The district court also found that Butcher could profit from rehabilitation programs while in prison. The district court found that the degree of harm to the victim was not any less than typical because the victim died as a result of Butcher's actions. The district court considered the letter from Butcher's employer but found that it did not provide a substantial and compelling reason to depart. The district court sentenced Butcher to the presumptive mitigated term of 109 months' imprisonment. Butcher filed an untimely notice of appeal, but this court granted his motion to file an appeal out of time.

On appeal, Butcher claims the district court erred by denying his motion for a downward durational departure. He argues that the district court abused its discretion "by making a legal error regarding whether Mr. Valentine's volunteering to be a passenger with an obviously impaired driver could be a substantial and compelling reason for a departure." He also argues that the district court relied on facts outside the record in denying the departure motion. Finally, he argues that the district court failed to consider the additional departure factors argued by counsel at the sentencing hearing.

The State asserts that this court lacks jurisdiction to review Butcher's presumptive sentence. Alternatively, the State argues that the district court did not make a legal error in denying Butcher's departure motion. In his reply brief, Butcher argues that the "legal errors of the district court created jurisdiction for review of [his] sentence by this Court."

We will first address the State's claim that this court lacks jurisdiction to review Butcher's presumptive sentence. Whether jurisdiction exists is a question of law over which our scope of review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). To the extent that resolution of this issue requires statutory interpretation, we also have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

3

The State is correct that under the KSGA, the appellate courts lack jurisdiction to consider a challenge to the denial of a motion for a departure sentence because the courts lack jurisdiction to consider appeals from presumptive sentences. K.S.A. 2018 Supp. 21-6820(c)(1) provides that on appeal from a judgment or conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review any sentence that is within the presumptive sentence for the crime. "Merely moving for a departure sentence does not grant the right of appeal to a defendant, if the result of the motion is a presumptive sentence." *State v. Huerta*, 291 Kan. 831, 835, 247 P.3d 1043 (2011); *State v. Grebe*, 46 Kan. App. 2d 741, 745, 264 P.3d 511 (2011) (holding that appellate courts lack jurisdiction to review the denial of motions for departure sentences because courts lack jurisdiction to review presumptive sentences).

But in *State v. Warren*, 297 Kan. 881, 883, 304 P.3d 1288 (2013), our Supreme Court held that an appellate court has jurisdiction to review a defendant's claim that the district court misinterpreted its own statutory authority to grant a departure sentence. In that case, the defendant was convicted of introducing a controlled substance into a correctional facility and was sentenced to 122 months in prison. The defendant asked the district court to depart from the duration of his sentence because he brought a small amount of drugs into the correctional facility. K.S.A. 21-4716(c)(1)(E) (now K.S.A. 2018 Supp. 21-6815[c][1][E]) allowed a departure sentence when "'[t]he degree of harm . . . attributed to the current crime of conviction was significantly less than typical for such an offense.'" 297 Kan. at 885-86. Despite this statutory authority, the district court found it had no authority to depart from the presumptive sentence based on the amount of drugs. On appeal, the State argued that the court lacked jurisdiction to review the defendant's presumptive sentence. Our Supreme Court disagreed and ruled that when a district court misinterprets its own statutory authority and refuses to consider a defendant's request for a departure sentence that the district court has statutory authority to consider, the appellate court may take up the limited question of whether the district court properly interpreted the sentencing statute. 297 Kan. 881, Syl. ¶ 1.

4

Butcher argues that his case is like *Warren* because the district court committed a legal error at his sentencing hearing and did not understand its own authority to grant a departure sentence. But the record does not support Butcher's claim. Unlike in *Warren*, the district court here considered its authority to impose a departure sentence. The district court weighed all of Butcher's arguments presented in his motion. The district court even stated that it had authority to go beyond the facts presented in the motion and included its review of the employer's letter. After considering all the factors presented, the district court did not find any substantial and compelling reasons to depart and sentenced Butcher to a presumptive term of 109 months' imprisonment. We have no jurisdiction to review this presumptive sentence for Butcher's crime of conviction.

Although we find that we lack jurisdiction to review Butcher's presumptive sentence, we will address the merits of his claims on appeal especially to the extent that he argues in his reply brief that we have jurisdiction to address his claims. Butcher first claims that the district court abused its discretion "by making a legal error regarding whether Mr. Valentine's volunteering to be a passenger with an obviously impaired driver could be a substantial and compelling reason for a departure." In district court, Butcher argued that Valentine voluntarily entered Butcher's car, so he was entitled to a departure sentence because the degree of harm or loss caused by the crime was significantly less than typical for second-degree murder, a mitigating factor under K.S.A. 2018 Supp. 21-6815(c)(1)(E). For the first time on appeal, Butcher claims the district court also should have considered Valentine's voluntary entry into Butcher's car as a mitigating factor under K.S.A. 2018 Supp. 21-6815(c)(1)(A) because Valentine participated in the criminal conduct associated with Butcher's conviction. In his reply brief, Butcher argues that our court has jurisdiction over the appeal because the district court made a "legal error" and limited its statutory authority to consider the departure motion by not addressing whether Valentine's actions fell under K.S.A. 2018 Supp. 21-6815(c)(1)(A).

Butcher's argument lacks merit. In district court, Butcher only argued that Valentine's voluntary entry into the car entitled Butcher to a departure sentence because the degree of harm was less than typical for the crime. Butcher never argued that Valentine participated in the criminal conduct associated with Butcher's conviction. In denying the departure motion, the district court limited its ruling to the argument Butcher made at sentencing, but this fact does not mean that the district court failed to understand its statutory authority to grant the departure motion.

Next, Butcher argues that the district court relied on facts outside the record in denying the departure motion. At sentencing, Butcher stated that "other than this incident and history with some other DUI's [Butcher] was a productive member of society." In response, the State pointed out that Butcher's criminal history score did not include his 2008 DUI diversion and that incident had put Butcher on notice about the dangers of drinking and driving. Butcher did not object at the hearing to the State's reference to his 2008 DUI diversion, and he made no claim that the prior diversion did not exist.

Butcher's 2008 DUI diversion was not included in his PSI report or otherwise admitted into evidence at the hearing. Butcher now argues on appeal that the district court "relied heavily on an unproven assertion by the State that [Butcher] had a prior diversion for DUI in denying [his] motion for departure." In his reply brief, he argues that we have jurisdiction to review this "legal error" committed by the district court at his sentencing.

Butcher cites *State v. Atkisson*, 308 Kan. 919, 425 P.3d 334 (2018), to support his claim. In *Atkisson*, a Jessica's Law case, the defendant pled no contest to one count of raping a child under 14 years old. The defendant filed a motion for departure to the sentencing grid as opposed to the mandatory sentence of life imprisonment. In denying the motion, the district court referred to a probable cause affidavit—not admitted into evidence—detailing the facts of a dismissed charge in which the defendant allegedly had oral sex with a child victim at least four times and intercourse at least six times.

6

On appeal, our Supreme Court held that these facts were relevant to the departure motion because they were presented to rebut the defendant's mitigation claim that he had no significant criminal history. 308 Kan. at 928. Even so, the *Atkisson* court found that the district court abused its discretion because those facts, while relevant, were not admitted as evidence. 308 Kan. at 929-30. Our Supreme Court found that "many circumstances cited by the district court considering [the defendant's] departure were drawn from sources outside the evidentiary record" and "those facts carried significance with the district court." 308 Kan. at 931. Thus, our Supreme Court reversed and remanded the case for reconsideration of the departure motion. 308 Kan. at 931.

*Atkisson* is distinguishable from Butcher's case. First of all, appellate jurisdiction was not an issue in *Atkisson* as that case was an appeal of a sentence under Jessica's Law. More importantly, we reject Butcher's claim that the district court "relied heavily" on the unproven DUI diversion in denying the departure motion. The State only mentioned Butcher's DUI diversion to make the point that the incident put Butcher on notice about the dangers of drinking and driving. Significantly, Butcher was not even asserting that his lack of criminal history was a ground supporting the departure motion. Butcher is correct that the 2008 DUI diversion was not in his PSI report or otherwise admitted as evidence, so the State should not have referred to the case in arguing against the departure motion. But our review of the record leads us to conclude that this fact played no significant part in the district court's decision to deny the departure motion. Any error committed by the district court in considering Butcher's 2008 DUI diversion case was harmless.

Butcher also briefly argues that the district court erred by relying on its "belief" that rehabilitation programs would be available to Butcher in prison. In rejecting Butcher's ground for departure that suitable rehabilitation programs outside prison were more likely to be effective than imprisonment, the district court found that Butcher could profit from programs in prison and stated: "At least that's what I have been told and what I understand. And I do believe that there are programs [in prison] that could assist Mr.

7

Butcher in dealing with his problems." Butcher now argues that this statement shows that the district court relied on facts outside the record in denying the departure motion.

This argument has no merit. The district court could rely on its knowledge and experience that some rehabilitation programs would be available to Butcher in prison. The district court's stated belief that Butcher could profit from rehabilitation programs in prison did not amount to relying on facts outside the record to deny the departure motion.

The only other argument Butcher makes on appeal is that the district court failed to consider the additional departure factors argued by counsel at the sentencing hearing. Butcher asserts that the district court failed to consider the letter from his employer, but this claim is not supported by the record. He also points out that the district court did not mention the weekly Alcoholics Anonymous meetings he was attending and the strong support system he had from his family and his girlfriend. But in denying the departure motion, the district court made clear that it "considered the information that has been presented here." In fact, the record shows that the district court addressed every major argument Butcher made to support his departure motion. The district court did not have to mention every fact that had been argued by counsel in support of the motion

To sum up, this court lacks jurisdiction to review Butcher's presumptive sentence for second-degree murder. The district court weighed all of Butcher's arguments in his departure motion and did not find any substantial and compelling reasons to depart from the presumptive sentence. The district court did not misinterpret its statutory authority, so we lack jurisdiction to review Butcher's presumptive sentence. But even if we would have jurisdiction over Butcher's appeal, our review of his arguments and the record discloses no reversible error committed by the district court in denying the motion.

Appeal dismissed.

8