IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 110,061

STATE OF KANSAS,
*Appellee*,

v.

SHELBERT L. SMITH,
*Appellant*.

SYLLABUS BY THE COURT

1.

The factual findings underlying a trial court's ruling on a motion to appeal out of time pursuant to *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), are reviewed for substantial competent evidence, while the legal determinations are reviewed de novo.

2.

Appellate courts in Kansas have declined to find a constitutional right to appeal and generally exercise jurisdiction only where an appeal conforms to the applicable statutes.

3.

The court in *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), created judicial exceptions to the general rule barring untimely appeals. Under those exceptions, an untimely appeal may be allowed when: (1) the defendant was not informed of his or her right to appeal; (2) the defendant was not furnished an attorney to pursue the appeal; or (3) the defendant was furnished an attorney who failed to perfect the appeal.

1

4.

Under the third exception in *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), the defendant must establish that: (1) he or she told counsel to appeal, but the attorney failed to file or perfect the appeal; and, (2) he or she would have timely appealed, but for counsel's failure. The lapse of time between the defendant's directive to counsel to file an appeal and defendant's attempt to use the third *Ortiz* exception to file an out-of-time appeal, standing alone, is not a threshold bar to the untimely appeal as a matter of law.

Appeal from Sedgwick District Court; GREGORY L. WALLER, judge. Opinion filed August 5, 2016. Reversed and remanded with directions.

*Michelle A. Davis*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Lance J. Gillett*, assistant district attorney, argued the cause, and *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Shelbert Smith appeals the district court's denial of his motion to file a direct appeal out of time. He argues that he should be allowed an untimely appeal because his appointed trial counsel failed to file the appeal that Smith requested. Because this case is presented to us without adequate factual findings, we remand to the district court to make the requisite findings pursuant to the framework described in this opinion.

FACTUAL AND PROCEDURAL OVERVIEW

Smith was convicted as an adult in 1993, after pleading nolo contendere to first-degree felony murder, aggravated kidnapping, aggravated robbery, and possession of a

firearm by a minor. At the time, Smith was 16 years old. The district court sentenced Smith to life sentences for the murder and aggravated kidnapping convictions, 10 years to life for the aggravated robbery conviction, and 30 days in jail for the firearms conviction, all to run consecutively.

Smith asserts that he told his appointed counsel, Max Opperman, immediately after sentencing that he wanted to file an appeal but that his attorney had advised him to wait until the district court ruled on a motion to modify his sentence before appealing. Under a procedure available at the time, commonly called the 120-day callback, a court could modify a sentence within 120 days of sentencing in certain circumstances. See K.S.A. 21-4603(d)(1) [then K.S.A. 1992 Supp. 21-4603(4)(a)]. In other words, a successful sentence modification on a callback motion might change the necessity for or character of an appeal of the original sentence.

Smith's attorney did file a modification motion. But after the district court overruled the motion on March 3, 1994, counsel never filed a direct appeal of Smith's sentence.

Nearly 2 decades later, on May 1, 2013, Smith filed a pro se notice of appeal, a motion for an out-of-time appeal, and a motion for appointed counsel. Subsequently, his appointed counsel filed a docketing statement. See K.S.A. 2015 Supp. 22-3601(b)(3). This court ordered Smith to show cause why the untimely appeal should not be dismissed for lack of jurisdiction, and Smith responded that he should be allowed to appeal out of time under one of the exceptions in *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). This court remanded to the district court to rule on Smith's motion for an out-of-time appeal, which would include an *Ortiz* hearing if necessary.

3

At the district court hearing, the only evidence presented was Smith's testimony that, immediately after he was sentenced, he told Opperman that he wanted to appeal, but that Opperman had told Smith to wait for the result of the 120-day callback procedure. Smith said he never heard from Opperman after the 120-day callback period ended, despite persistent attempts to contact him. Smith said he called Opperman's office, two to three times per day, for most of 1994 but was unable to reach him. Smith said his mother also attempted to contact Opperman and was likewise unsuccessful. Smith said he eventually gave up because he "was in limbo" and did not know what to do, until 19 years later when he found someone at the Hutchinson Correctional Facility who helped Smith with his appeal.

Opperman died in 2009. Therefore, the State was unable to present trial counsel's testimony. The State presented no other evidence but argued that based on the Kansas Court of Appeals decision in *State v. Cole*, No. 105,745, 2012 WL 1649886 (Kan. App. 2012) (unpublished opinion), *rev. denied* 296 Kan. 1131 (2013), Smith had waived his right to bring an untimely appeal by waiting so long.

The district court denied Smith's motion. The district court did not make any findings of fact as to whether Smith had told Opperman to file an appeal, other than to say, "Well, we have the statement of the defendant somewhat to that effect." Rather, the district court relied on the *Cole* decision to find that the passage of time was a bar to Smith's appeal, stating:

> "But the thing that the Court cannot get over is the fact that the defendant waited all these years and said absolutely nothing, did absolutely nothing.
> "In light of the decision of the Court [of Appeals] in *State versus Cole*, the [Kansas] Supreme Court would not be receptive. This Court cannot be receptive."

Smith timely appealed the district court's ruling.

THE PASSAGE OF TIME AS A WAIVER OF AN *ORTIZ* EXCEPTION

Smith argues that he should be allowed to bring his direct appeal out of time, pursuant to *Ortiz*, because his attorney did not file an appeal despite Smith's direction to do so, and Smith would have timely taken an appeal but for his counsel's nonperformance. The State argues that the lapse of time between sentencing and Smith's notice of appeal precludes review because, by letting the matter rest, Smith waived his right to an appeal.

*Standard of Review*

This court exercises unlimited review over the issue of appellate jurisdiction. *State v. Scoville*, 286 Kan. 800, 803, 188 P.3d 959 (2008). The factual findings underlying a trial court's ruling in an *Ortiz* hearing are reviewed for substantial competent evidence, while the legal determinations are reviewed de novo. *State v. Gill*, 287 Kan. 289, 293, 196 P.3d 369 (2008).

*Analysis*

Appellate courts in Kansas have declined to find a constitutional right to appeal and generally exercise jurisdiction only where an appeal conforms to the applicable statutes. 287 Kan. at 293-94. Crimes committed before July 1, 1993, were required to be appealed within "10 days after the expiration of the district court's power to modify the sentence." K.S.A. 22-3608(a). For sentences imposed under K.S.A. 21-4603(d)(1), the district court could modify the sentence within 120 days (the 120-day callback). Effectively, then, Smith had 130 days from the date of sentencing in which to appeal his sentence.

5

There is no question that Smith's appeal was filed past the statutory deadline and that the general rule would result in its dismissal. See *Albright v. State*, 292 Kan. 193, 197, 251 P.3d 52 (2011). But *Ortiz* created judicial exceptions to the general rule barring untimely appeals. Under those exceptions, an untimely appeal may be allowed when: (1) the defendant was not informed of his or her right to appeal; (2) the defendant was not furnished an attorney to pursue the appeal; or (3) the defendant was furnished an attorney who failed to perfect the appeal. *State v. Patton*, 287 Kan. 200, 206, 195 P.3d 753 (2008) (citing *Ortiz*, 230 Kan. at 735-36). In *Patton*, this court developed rules for each of the *Ortiz* exceptions. 287 Kan. at 219-24. In so doing, *Patton* emphasized that the general rule barring untimely appeals was still exactly that—the general rule, and that the *Ortiz* exceptions were "narrowly defined" and reserved for "truly exceptional circumstances." *Patton*, 287 Kan. at 217.

*Patton* recognized the second and third *Ortiz* exceptions are rooted in the concepts of fundamental fairness and the Sixth Amendment right to counsel. *Patton*, 287 Kan. at 218-19. Effectiveness of counsel is generally analyzed by the two-prong analysis of performance and prejudice set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Patton*, 287 Kan. at 224. A defendant must first establish that counsel's performance was deficient, and second, that counsel's performance prejudiced the defense. 287 Kan. at 224. But the *Patton* court held that under the third *Ortiz* exception, when counsel's deficient performance results in the forfeiture of a proceeding, *e.g.*, the right to an appeal process, the *Strickland* analysis is modified by *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000):

> "Under *Flores-Ortega*, if appointed or retained counsel has failed to file or perfect a direct appeal by a criminal defendant, we will presume the existence of

6

prejudice. This is not, however, the same as a finding of prejudice per se, requiring application of the third *Ortiz* exception. The defendant must still demonstrate that, but for counsel's failure, he or she would have taken a timely direct appeal. The defendant need not show, as he or she would have had to show if we were using the *Strickland* standard as our benchmark, that such a timely direct appeal would have been successful. [Citation omitted.]" *Patton*, 287 Kan. at 225.

Here, Smith asserts that he falls under the third *Ortiz* exception because he told his attorney he wanted to appeal immediately after sentencing and because he unsuccessfully attempted to contact his attorney about proceeding with an appeal on numerous occasions during the year following the expiration of the 120-day callback period, but that his attorney failed to file the requested appeal. Had his attorney filed an appeal, Smith claims that he would have pursued it.

In response, the State argued, and the district court agreed, that Smith had waived his right to appeal because he "let the matter rest" by waiting so many years to attempt to proceed with the appeal pro se. The district court relied on *Cole*, where a panel of the Court of Appeals said whether the defendant "let the matter rest" was a threshold requirement a defendant must overcome in order to assert an *Ortiz* exception, and a failure to timely assert an *Ortiz* exception could be considered a waiver of that right. *Cole*, 2012 WL 1649886, at *2. In effect, *Cole* said that a defendant may not make an untimely request to be allowed to make an untimely appeal.

*Cole*'s threshold requirement that a defendant must establish that he or she had not "let the matter rest" as a condition precedent to establishing an *Ortiz* exception was apparently crafted from the following language in *Ortiz*:

"'A defendant properly informed of his appellate rights may not "let the matter rest," *Worts v. Dutton*, 395 F.2d 341, 344 (5th Cir. 1968), and then claim that he did not waive

7

his right to appeal.'" *Ortiz*, 230 Kan. at 736 (quoting *Norris v. Wainwright*, 588 F.2d 130, 137 [5th Cir. 1979]).

The quoted Fifth Circuit opinion, *Norris v. Wainwright*, 588 F.2d 130 (5th Cir. 1979), involved a different factual scenario. There, the defendant had been properly informed of his appellate rights, but he did not direct his attorney to file an appeal. In other words, the defendant made no contemporaneous attempt to invoke the right to appeal which he had been told that he had. Here, the actions that Smith alleges that he took during the year after he was properly informed of his appellate rights do not comport with the *Norris* notion of letting the matter rest. Smith's immediate directive to his attorney to appeal the sentence imposed is the antithesis of waiving his right to appeal; rather, it was an *invocation* of his right to appeal contemporaneous with being advised of that right. Perhaps a more accurate description of the district court's holding in this case would be that Smith's suspension of his efforts to enforce his right to appeal for 19 years constituted an abandonment of his right to appeal, as a matter of law.

But requiring a defendant to establish the timeliness of his or her attempt to invoke the third *Ortiz* exception adds a step to the proper analysis set forth in *Patton*, to-wit: (1) Whether the defendant told his or her counsel to appeal, but the attorney failed to file or perfect the appeal; and, (2) if so, the defendant will enjoy a presumption of prejudice but must show that he or she would have timely appealed, but for counsel's failure. *Patton*, 287 Kan. at 225.

*Patton* discussed the "let the matter rest" concept, but as a factor in the *Flores-Ortega* two-prong performance and prejudice analysis. *Patton*, 287 Kan. at 225. The court found that Patton had not "let the matter rest," based on evidence in the record that showed Patton desired to pursue an appeal and had been attempting to do so, but for his counsel's nonperformance. 287 Kan. at 225. In other words, as in *Patton*, Smith's dilatory

8

conduct might be relevant to the credibility of his claim that he told his attorney to appeal or his claim that he would have proceeded with an appeal if his attorney had not failed him. But the lapse of time between Smith telling his attorney to appeal and Smith's attempt to use the third *Ortiz* exception to file an out-of-time appeal, standing alone, was not a threshold bar to the untimely appeal as a matter of law. But *cf. Gill*, 287 Kan. at 296-97 (found 8-year delay while attempting to effect appeal warranted denial of out-of-time appeal, but declined to "suggest[] any bright-line temporal rules").

Because the district court found the appeal time-barred, it did not conduct a *Patton* analysis. Thus, the district court did not make the requisite factual findings that would support the claimed third *Ortiz* exception. Moreover, the cold record before us only contains Smith's testimony. Whether this evidence is sufficient to meet Smith's burden relies in part on its credibility. A witness' credibility is a determination for the district court to make. See *State v. Wilkerson*, 278 Kan. 147, 156, 91 P.3d 1181 (2004) ("It is not this court's function to weigh witness credibility."); *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000) ("A bare assertion by the petitioner that she made a request [for counsel to file appeal] is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition.").

Accordingly, we are compelled to send this back to the district court once again for the express purpose of determining whether Smith's testimony is credible, *i.e.*, whether he told his attorney to appeal, whether the attorney did not file an appeal, and whether Smith would have appealed if his attorney had not failed to perform. If Smith's testimony is credible, he has established deficient performance under *Flores-Ortega*. See *Albright*, 292 Kan. at 211. A lawyer who disregards specific instructions to file a notice of appeal has acted in a professionally unreasonable manner, and the defendant is entitled to a new appeal without a showing that the appeal would have been successful. 292 Kan.

at 209-10 (quoting *Flores-Ortega*, 528 U.S. at 477). In that event, Smith will be permitted to appeal out of time.

 Reversed and remanded with directions.