NOT DESIGNATED FOR PUBLICATION

Nos. 117,852
117,853

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CALVIN T. WILLIAMS JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed August 10, 2018. Appeal dismissed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., MALONE and STANDRIDGE, JJ.

PER CURIAM: Calvin T. Williams Jr. appeals from the district court's decision to deny a postsentencing motion to withdraw his guilty pleas to aggravated robbery and promoting the sale of sexual relations. But Williams failed to timely file a notice of appeal following the district court's denial of his motion. Accordingly, we dismiss Williams' appeal for lack of jurisdiction.

1

On January 27, 2014, Williams pled guilty to aggravated robbery in case No. 12CR2882 and promoting the sale of sexual relations in case No. 13CR3400. Although the district court imposed consecutive prison sentences of 94 months and 13 months—for a total of 107 months—the court granted Williams a departure sentence to probation for 36 months. Williams did not appeal his convictions or sentences.

On November 25, 2014, the State issued a warrant for Williams' arrest claiming he had violated various conditions of his probation as well as committed the crimes of aggravated escape from custody, criminal damage to property, and theft. On April 21, 2015, the State amended the warrant to include an allegation that Williams had committed the crime of failing to register. On February 12, 2016, the State filed another warrant alleging that Williams had committed additional crimes in Georgia and had not obtained permission to leave Kansas from his intensive supervision officer.

On March 22, 2016, Williams filed a pro se motion seeking to withdraw his guilty pleas in cases 12CR2882 and 13CR3400. Williams claimed that his counsel was ineffective in advising him about his pleas, his pleas were not knowingly and voluntarily made, and his pleas were not supported by a factual basis. The district court held a hearing, after which it summarily denied Williams' motion on grounds that Williams had filed the motion outside the one-year time limitation of K.S.A. 2017 Supp. 22-3210(e)(1), Williams had made no showing of excusable neglect under K.S.A. 2017 Supp. 22-3210(e)(2) in his motion, and the record established that Williams had entered his pleas after extensive inquiry by the court and after endorsing the work of his court-appointed counsel.

On June 1, 2016, Williams moved the district court to reconsider its ruling, providing additional argument on the issues raised in his motion to withdraw his pleas

and asserting that his ignorance of the law constituted excusable neglect for his delay in filing the motion. The court denied Williams' motion to reconsider, ruling that ignorance of the law did not constitute excusable neglect.

On August 30, 2016, Williams filed a second motion for reconsideration, arguing that the district court used an erroneous legal standard in denying his previous motions. The court denied Williams' second motion for reconsideration and adopted its prior ruling.

At a probation violation hearing held on April 7, 2017, Williams admitted to violating several conditions of his probation in cases 12CR2882 and 13CR3400. As a result, the district court revoked Williams' probation and ordered him to serve his underlying 107-month prison sentence.

On April 17, 2017, Williams filed a notice of appeal with this court, stating his intention to appeal "the denial of probation reinstatement, denial of sentence modification, denial of defendant's motion to withdraw plea and all adverse rulings of the District Court."

ANALYSIS

In support of the sole issue presented on appeal, Williams argues the district court erred in denying as untimely his motion to withdraw pleas in cases 12CR2882 and 13CR3400. Williams claims that the one-year time limit for filing such a motion does not apply to him because he did not file a direct appeal in this case.

As noted by the State, however, Williams' attempt to challenge the district court's decision to deny his motion to withdraw pleas presents a jurisdictional issue. Whether

jurisdiction exists is a question of law over which an appellate court exercises unlimited review. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. See *Smith*, 304 Kan. at 919. The filing of a timely notice of appeal is jurisdictional. If the appeal is not taken within the time period fixed by statute, it must be dismissed. *Albright v. State*, 292 Kan. 193, 197, 251 P.3d 52 (2011).

Under K.S.A. 2017 Supp. 22-3608(c), a criminal defendant has 14 days from the entry of judgment to file a notice of appeal. See *State v. Hemphill*, 286 Kan. 583, 590, 186 P.3d 777 (2008) (recognizing defendant's right to direct appeal from denial of his or her motion to withdraw plea and indicating, without deciding, such appeals "must be filed within the time frame for criminal appeals found in K.S.A. 22-3608"). The district court filed its order denying Williams' motion to withdraw his pleas on May 11, 2016. Thus, in order to timely appeal this ruling, Williams needed to file a notice of appeal on or before May 25, 2016. See K.S.A. 2017 Supp. 22-3608(c). Notably, there is no statutory authority to suggest that Williams' motions for reconsideration stopped the 14-day appeal clock from running. But even if there was, Williams' appeal is still untimely because he did not file a notice of appeal when the district court denied his second motion for reconsideration on January 6, 2017. Instead, Williams filed his notice of appeal on April 17, 2017, after the district court revoked his probation and ordered him to serve his underlying prison sentence. Neither is there evidence in the record or this court's files to suggest that Williams received permission to file a late notice of appeal under *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). Williams makes no such argument and does not otherwise acknowledge his failure to timely appeal the district court's denial of his motion to withdraw his pleas.

4

Because Williams failed to timely appeal from the district court's denial of his motion to withdraw his pleas, we are without jurisdiction to consider this issue. As a result, we must dismiss Williams' appeal.

Appeal dismissed.