NOT DESIGNATED FOR PUBLICATION

No. 123,184

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL L. TRIMMELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed June 4, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before GREEN, P.J., SCHROEDER, J., and WALKER, S.J.

PER CURIAM: Michael L. Trimmell appeals the district court's decision to deny his request to modify his prison sentence. He asserts the district court erred when it denied his request for relief.

We granted Trimmell's motion for summary disposition under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State responded and agreed that summary disposition was appropriate under the facts of the case. After reviewing the record on appeal and finding no error, we affirm the district court's decision.

1

FACTUAL AND PROCEDURAL HISTORY

In November 2017, Trimmell pled guilty to three counts of aggravated battery, each a severity level 7 person felony. The following month, the district court sentenced Trimmell to 24 months' probation with an underlying 52-month prison sentence.

In August 2019, Trimmell admitted to violating his probation, and the district court revoked his probation and ordered him to serve his underlying sentence. Trimmell did not appeal the district court's decision revoking probation and remanding him to prison.

In June 2020, Trimmell filed a pro se motion to modify his sentence due to extenuating circumstances. Trimmell alleged that he had been attacked while in prison and felt it was not safe for him to remain there. The district court subsequently denied Trimmell's motion, finding that it did not have jurisdiction to modify Trimmell's sentence.

Trimmell filed a timely notice of appeal from the denial of his motion.

ANALYSIS

On appeal, Trimmell argues the district court erred when it denied his request to modify his sentence.

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). "A sentencing court loses jurisdiction to modify a sentence except to correct arithmetic or clerical errors after a legal sentence has been pronounced from the bench." *State v. Johnson*, 309 Kan. 992, 996, 441 P.3d 1036 (2019); see K.S.A. 2020 Supp. 21-6820(i).

Here, Trimmell asked the district court to mitigate his sentence. However, the district court correctly concluded it did not have jurisdiction to modify Trimmell's sentence and denied his motion because granting an early release from prison does not constitute an arithmetic or clerical error. Trimmell does not point to any error of law by the district court, nor does he argue his sentence is illegal. Instead, he maintains that the district court erred because of the violence he experienced in prison. But our statutes and caselaw make clear that the district court did not have jurisdiction to grant Trimmell relief. Accordingly, based on the record before us, we conclude the district court did not err when it denied Trimmell's motion to modify his sentence.

Affirmed.