NOT DESIGNATED FOR PUBLICATION

No. 122,778

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ENRIQUE C. PERALES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed June 4, 2021. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., SCHROEDER, J., and WALKER, S.J.

PER CURIAM: Enrique C. Perales timely appeals from the district court's denial of his motion for postconviction DNA testing. He argues the district court erred in denying his motion for lack of jurisdiction while his direct appeal was pending. We agree with Perales the district court erred in finding it lacked jurisdiction, but its alternative finding was partially correct. Perales was not entitled to DNA testing under K.S.A. 2020 Supp. 21-2512(a) as explained below. We affirm.

1

The facts underlying Perales' convictions are well known to the parties and do not need to be repeated here in detail. Pertinent to this appeal, on January 4, 2017, Perales physically and sexually abused A.C. Perales waived his right to an attorney and, at his pro se jury trial on May 17, 2017, was convicted of aggravated battery and aggravated criminal sodomy. At trial, the victim, A.C., testified and identified Perales as her ex-boyfriend. A.C.'s testimony and that of the SANE nurse were consistent with A.C. having been physically and sexually abused.

The jury found Perales guilty of aggravated battery for strangulation and aggravated criminal sodomy, both acts of domestic violence. The district court sentenced him accordingly, and Perales directly appealed his convictions. While his direct appeal was pending, Perales later filed multiple motions, one of which was a motion for postconviction DNA testing filed in November 2019.

In his motion for postconviction DNA testing, Perales requested DNA testing from A.C.'s buccal, or cheek, area collected by the forensic examiner. Perales also requested DNA testing of A.C.'s shirt for traces of blood. He acknowledged in his motion the State would contest his position because he admitted to oral copulation at trial but asserted the State had a continuing duty to disclose evidence favorable to the defense. Perales did not testify at trial, but a forensic nurse examiner testified she saw injuries on the lateral shaft of Perales' penis that could be consistent with forced oral penetration. The nurse specifically asked Perales the purpose of his examination and, at trial, quoted Perales' answer directly from her report: "I'm here to get one swab of my penis and one picture of my penis to get her DNA off of my junk. I have a laceration on my penis from a sharp tooth that she has. She's a freak. She likes to have sex all the time, six to seven times a day." The State responded to Perales' motion, asserting the district court lacked jurisdiction based on Perales' pending direct appeal plus he was not entitled to relief

under K.S.A. 2017 Supp. 21-2512 because he failed to show his conviction for aggravated criminal sodomy was arguably indistinguishable from a conviction for rape. Perales responded, claiming this court had since affirmed his convictions on direct appeal, though the mandate had not yet issued, and further alleging the victim underwent a buccal mouth swab that would not contain his DNA. The district court denied Perales' motion for postconviction DNA testing, reasoning it lacked jurisdiction because of his pending direct appeal to this court and Perales did not establish his crime of conviction was arguably indistinguishable from rape.

## THE DISTRICT COURT HAD JURISDICTION TO ADDRESS PERALES' MOTION FOR POSTCONVICTION DNA TESTING.

Perales argues the district court erred in denying his motion for postconviction DNA testing for lack of jurisdiction while his direct appeal was pending. He also claims the district court failed to follow precedent extending the availability of postconviction DNA testing to those, like him, convicted of aggravated criminal sodomy. Perales asks us to reverse the dismissal and remand to the district court with instructions to consider his motion on the merits. The State argues the district court might have had jurisdiction over Perales' motion for postconviction DNA testing if he could have shown K.S.A. 2017 Supp. 21-2512(a) applied to his specific crimes of conviction. The State asserts Perales is not entitled to postconviction DNA testing under the statute because his specific crimes of conviction do not fall within the statute.

The summary denial of a motion for DNA testing under K.S.A. 2020 Supp. 21-2512(a) involves a question of law over which an appellate court has unlimited review. *State v. Lackey*, 295 Kan. 816, 819-20, 286 P.3d 859 (2012). Jurisdiction is also a question of law over which appellate courts exercise unlimited review. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). Generally, once an appeal is docketed, the district

3

court loses jurisdiction to rule on posttrial motions. *State v. Smith*, 278 Kan. 45, 51, 92 P.3d 1096 (2004).

K.S.A. 2020 Supp. 21-2512(a) provides: "Notwithstanding any other provision of law, a person in state custody, *at any time after conviction* for murder in the first degree . . . or for rape . . . may petition the court that entered the judgment for forensic DNA testing (deoxyribonucleic acid testing) . . . ." (Emphasis added.) In *State v. Gooch*, No. 116,960, 2017 WL 5951700, at *2 (Kan. App. 2017) (unpublished opinion), a panel of this court determined the language of K.S.A. 2016 Supp. 21-2512(a) (which is identical to K.S.A. 2020 Supp. 21-2512[a]) allows the district court authority to hear a motion for postconviction DNA testing despite a pending direct appeal. However, in *Gooch*, the defendant was convicted of rape, an offense expressly listed in the statute.

Here, Perales filed a motion for postconviction DNA testing after he docketed his direct appeal. The State argues the district court lacked jurisdiction to hear the posttrial motion while Perales' direct appeal was still pending. This argument is contrary to the panel's decision in *Gooch*, but, notwithstanding the *Gooch* panel's reasoning, Perales' direct appeal is no longer pending as this court affirmed Perales' convictions, and the mandate has been issued. See *State v. Perales*, No. 119,815, 2019 WL 5089857, at *1 (Kan. App. 2019) (unpublished opinion), *rev. denied* 312 Kan. 899 (2020). We find the panel's rationale in *Gooch* persuasive; accordingly, we find there was no jurisdictional bar for the district court to have resolved Perales' motion.

However, as the State points out, the express terms of K.S.A. 2020 Supp. 21-2512(a) only apply to defendants convicted of first-degree murder or rape. The State argues the statute does not apply to Perales because he was convicted of aggravated battery and aggravated criminal sodomy, not first-degree murder or rape. Perales responds by arguing the district court failed to follow Kansas Supreme Court precedent outlined in *State v. Denney*, 278 Kan. 643, 101 P.3d 1257 (2004), extending the

4

availability of postconviction DNA testing to those, like him, convicted of aggravated criminal sodomy.

In *Denney*, the defendant filed a pro se motion requesting DNA testing. The district court denied the motion, explaining the statute was expressly limited to cases involving rape or murder, neither of which the defendant had been convicted of. Our Supreme Court noted the statute was unambiguous and clearly only applied to murder and rape convictions. However, the Supreme Court considered Denney's equal protection argument under the Fourteenth Amendment to the United States Constitution, in which Denney argued there was no rational basis to authorize DNA testing for those convicted of rape and not authorize such testing for those convicted of aggravated criminal sodomy. The Supreme Court explained the two crimes must be examined to determine whether they were "'arguably indistinguishable'" under the facts. 278 Kan. at 652.

Rape is defined by statute as: "(1) Knowingly engaging in sexual intercourse with a victim who does not consent." K.S.A. 2020 Supp. 21-5503(a)(1). Sodomy is defined as "oral contact or oral penetration of the female genitalia or oral contact of the male genitalia; anal penetration, however slight, of a male or female by any body part or object; or oral or anal copulation or sexual intercourse between a person and an animal." K.S.A. 2020 Supp. 21-5501(b). "'Sexual intercourse' means any penetration of the female sex organ by a finger, the male sex organ or any object. Any penetration, however slight, is sufficient to constitute sexual intercourse." K.S.A. 2020 Supp. 21-5501(a).

In *Denney*, our Supreme Court stated the terms "'sexual intercourse'" and "'sodomy'" were central to the analysis. The court explained: "[R]ape can consist of something less than voluntary consent to penetration of the female sex organ by the male sex organ, while aggravated criminal sodomy can consist of something less than voluntary consent to penetration of another female bodily orifice by the male sex organ." 278 Kan. at 653. The court held the circumstances of Denney's conviction of aggravated

5

criminal sodomy for penetrating his victims' anuses with his male sex organ were "arguably indistinguishable from those . . . convicted of rape with the male sex organ." 278 Kan. at 653-54. The Supreme Court concluded the statute "should not be nullified but rather extended to include testing for conduct like Denney's." 278 Kan. at 660.

Perales argues *Denney* broadly applies to mean all aggravated criminal sodomy convictions are indistinguishable from rape convictions. The State, however, appropriately points out not all convictions for criminal sodomy reflect the same or similar facts—such as an aggravated criminal sodomy conviction for sexual intercourse between a person and an animal.

Thus, we must determine whether, under the facts of this case, Perales' conviction for aggravated criminal sodomy is arguably indistinguishable from the definition of rape, which would give the district court authority to hear his motion for postconviction DNA testing. Even if we assume, without deciding, Perales has shown he is entitled to DNA testing based on his conviction for aggravated criminal sodomy for forcing his victim to fellate him, he is still not entitled to testing under the facts of this case.

As we previously found, the district court had jurisdiction to address Perales' motion. However, the district court also found in the alternative Perales failed to establish his crime of conviction was indistinguishable from rape. With this alternative finding, the district court also erred by not following the extension provided in *Denney*. However, the district court was ultimately correct because, under the facts of this case, Perales fails to satisfy the requirements of K.S.A. 2020 Supp. 21-2512(c): "The court shall order DNA testing pursuant to a petition made under subsection (a) upon a determination that testing may produce noncumulative, exculpatory evidence relevant to the claim of the petitioner that the petitioner was wrongfully convicted or sentenced."

6

Here, Perales is requesting DNA testing from the mouth swab taken from the victim at the time of the forensic examination. Any evidence produced, whether negative or positive for the presence of Perales' DNA, would be inconsequential because undisputed trial evidence indicated the victim fellated him. At trial, the issue was whether the contact was consensual, and the jury found it was not. Thus, the evidence would be neither noncumulative nor exculpatory.

In addition to asking for DNA testing of the mouth swab, Perales also asks for testing of the victim's shirt for the presence of the victim's blood. Any challenge to the blood evidence under the facts of this case would be an attempt to attack his aggravated battery conviction, which is clearly not a crime authorized for DNA testing under K.S.A. 2020 Supp. 21-2512(a).

We affirm the district court under the facts of this case as being right for any reason. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015).

Affirmed.