NOT DESIGNATED FOR PUBLICATION

No. 123,321

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CARL EDWARD ANDERSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed September 24, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: Carl Edward Anderson claims the district court erred by denying his oral motion for a dispositional departure to probation at sentencing. We granted Anderson's motion for summary disposition under Supreme Court Rule 7.041A (2021 Kan. St. Ct. R. 48). Under *State v. Looney*, 299 Kan. 903, 327 P.3d 425 (2014), we have jurisdiction to review the denial of Anderson's oral motion for dispositional departure to probation; however, Anderson has not shown the district court abused its discretion. We affirm.

The facts in this case are well known to the parties. The State charged Anderson with multiple felony charges in multiple cases and, under a global plea agreement with

1

the State, Anderson agreed to plead guilty to fleeing and eluding law enforcement, a severity level 9 person felony. In exchange for his guilty plea, the State agreed to dismiss all other charges in this and three other cases. As part of the plea agreement, the State and Anderson also agreed to an upward durational departure from the presumptive sentence to a maximum of 34 months' imprisonment. Additionally, Anderson agreed to waive a jury determination that aggravating factors existed to support an upward departure. He also stipulated the crime of conviction involved a car chase that was more serious than most and involved property damage while he continued to flee even though officers used pursuit intervention maneuvers to try to stop his car three separate times.

At sentencing, given Anderson's criminal history score of A and based on the special rule for his third fleeing and eluding conviction, the district court determined his sentence was presumptive prison with a postrelease supervision term of 12 months. Anderson initially asked the district court to follow the plea agreement and impose the upward departure sentence of 34 months, agreeing that the applicable aggravating factors reflected in the plea agreement supported the upward departure.

Given the agreement and the facts of the case, the district court found beyond a reasonable doubt the State had proven the aggravating factors supporting the upward durational departure to 34 months' imprisonment. However, during his allocution, Anderson argued his case involved mitigating factors allowing a dispositional departure to probation—specifically, that he: (1) took responsibility by pleading guilty; (2) has a supportive family; and (3) suffers from a traumatic brain injury and PTSD. Considering Anderson's argument as an oral motion for a dispositional departure, the district court did not find substantial and compelling reasons to grant his motion. Instead, the district court followed the plea agreement, granted the upward departure, and sentenced Anderson to 34 months' imprisonment, which was double the presumptive sentence, with 12 months of postrelease supervision.

Anderson now contends the district court abused its discretion when it denied his oral motion for downward durational departure. He asks us to reverse the denial of his motion, vacate his sentence, and remand for reconsideration. Generally, we do not review sentences imposed under an agreement between the State and the defendant approved by the district court on the record. K.S.A. 2020 Supp. 21-6820(c)(2). But Anderson's argument presents a jurisdictional issue. Whether jurisdiction exists is a question of law over which appellate review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

Here, the district court approved the terms of the plea agreement and sentenced Anderson according to its written terms. But Anderson orally argued for a dispositional departure, contrary to the terms of the agreement. Thus, at sentencing, it appears Anderson tried to change the terms of the plea agreement and the parties no longer had a meeting of the minds about how the sentence was to be served.

In *Looney*, 299 Kan. at 909, our Supreme Court held all departure sentences are subject to appeal under K.S.A. 21-4721(a)—now K.S.A. 2020 Supp. 21-6820(a)—unless appellate jurisdiction is governed by a more specific provision. Like the facts in *Looney*, the district court here denied Anderson's request for dispositional departure and only granted the durational departure agreed to by the parties. Based on the holding in *Looney*, we find we have jurisdiction to review the denial of Anderson's oral motion under K.S.A. 2020 Supp. 21-6820(a). Cf. *State v. Cooper*, 54 Kan. App. 2d 25, 28, 394 P.3d 1194 (2017) (dismissing appeal under K.S.A. 2016 Supp. 21-6820[c][2] because approved plea agreement included both dispositional and durational departure).

We review a district court's denial of a departure motion for an abuse of discretion. A district court abuses its discretion if it relies on an error of fact or law, or if no reasonable person would agree with its decision. See *State v. Ibarra*, 307 Kan. 431, 433-34, 411 P.3d 318 (2018).

3

The district court specifically found in response to Anderson's oral motion:

". . . [W]hile [he] did accept and plead to no contest, I don't believe that [he] saved the State time and resources in this case. Number 2, I don't believe that there's been any indication, based on what I have found and the facts, that [his] actions were mitigating in this case. As I said earlier, based on what was presented to this Court and based on what I have found, this was a very serious incident."

Anderson fails to show the court's ruling was based on an error of fact or law. And he has not shown that no reasonable person would have agreed with the district court's decision to deny his oral motion for a dispositional departure to probation given his criminal history and the facts of this case. We are not persuaded by Anderson's arguments. The district court did not abuse its discretion.

Affirmed.