NOT DESIGNATED FOR PUBLICATION

No. 123,694

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERIC J. BROOKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed December 3, 2021. Appeal dismissed.

Submitted by the parties for summary disposition under K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HILL and POWELL, JJ.

PER CURIAM: Eric J. Brooker appeals his presumptive sentence. Brooker moved for and we granted summary disposition under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). Because we find that we lack jurisdiction, we must dismiss Brooker's sentencing appeal.

FACTUAL AND PROCEDURAL HISTORY

In 2013, Brooker pled guilty to two felonies, forgery and identity theft, for crimes he committed July 1, 2012. He later failed to appear at his sentencing hearing and the case remained in warrant status until July 2020. So it was not until December 2020 that

1

Brooker was finally sentenced in this case. Pursuant to a plea agreement, the district court imposed the presumptive sentence of 14 months in prison with release onto probation for a term of 18 months.

At sentencing, Brooker asked for permission to leave the state and the country, so he could work his usual trucking routes. He indicated that he maintained both Canadian and United States citizenship, and he drives the ice roads in Canada during the winter months. He noted that it was a huge portion of his income. Although he expressed doubt that he would be driving the ice roads during the 2020-21 winter months due to COVID, he still wished to be able to do so if the opportunity arose. The State agreed that allowing him to leave Kansas for work was acceptable, so long as certain conditions were met, but objected to him leaving the country, primarily due to the difficulty of returning him or any necessary witnesses to the United States upon a violation of his probation. The district court agreed and allowed Brooker to leave the state for work but did not allow him to leave the United States without further discussion between his probation officer and the court. The court urged Brooker to talk to his probation officer if the opportunity became available. The court suggested that if he was able to provide sufficient information, he could bring his request to the court for a modification of his probation terms.

Brooker timely appeals his sentence.

ANALYSIS

On appeal, Brooker argues that the district court abused its discretion by imposing the full 18 months' probationary period. He claims this was an unnecessarily long probation period given that Brooker went seven years between his plea and sentencing without having other convictions. He also pointed to the hardship the probation conditions would place on his livelihood.

But we are unable to review Brooker's sentence for two reasons.

The right to appeal is entirely statutory and is not a right contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken within the time limitations and in the manner prescribed by the applicable statutes. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). Brooker's appeal is not allowed by Kansas statutes.

First, Brooker's sentence falls within the presumptive range for his crime of conviction. Appellate courts are not allowed by statute to review any sentence which is within the presumptive sentence for a crime. K.S.A. 2020 Supp. 21-6820(c)(1). Even though the court could have given Brooker a probationary term less than 18 months, we agree with a prior panel of this court that a probationary term of 18 months is still considered a presumptive sentence. See K.S.A. 2020 Supp. 21-6608(c)(4) (if nonprison sanction imposed on a severity level 8 nondrug crime, as here, court shall order probation for "up to 18 months in length"); *State v. Bieker*, No. 119,214, 2019 WL 102197 (Kan. App. 2019) (unpublished opinion).

Second, Brooker's sentence was part of a plea agreement. Brooker and the State jointly recommended that the district court impose the presumptive period of probation based on the severity level of the crime and Brooker's criminal history. The district court followed that recommendation. By statute, we are not permitted to review on appeal "any sentence resulting from an agreement between the state and the defendant [that] the sentencing court approves on the record." K.S.A. 2020 Supp. 21-6820(c)(2). Because the parties agreed to the presumptive sentence and period of probation and the district court approved the agreement on the record, we have no jurisdiction to consider an appeal of Brooker's sentence.

In the absence of an exception to our jurisdictional limits, Brooker's sentencing appeal is dismissed for lack of jurisdiction.

Appeal dismissed.