NOT DESIGNATED FOR PUBLICATION

No. 127,891

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NICHOLAS MORRIS PADDOCK,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Submitted without oral argument. Opinion filed April 17, 2026. Appeal dismissed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, deputy district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before MALONE, P.J., BRUNS and HURST, JJ.


PER CURIAM: Nicholas Morris Paddock appeals from the district court's denial of his request to proceed with an untimely direct appeal of his criminal case. After holding an evidentiary hearing on remand from this court, the district court denied Paddock's request to allow his appeal to proceed out of time. The district court found that Paddock had failed to establish any of the exceptions under *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). The district court also found that Paddock had been adequately informed of his right to appeal but never asked his attorney to pursue an appeal. Based on our review of the record, we conclude that the district court did not err and we dismiss the appeal.

1

On October 26, 2023, Paddock entered a guilty plea to five counts of sexual exploitation of a child. The underlying facts of his convictions are not material to the limited issue presented in this appeal. It is undisputed that Paddock entered into a written plea agreement, and he does not challenge the voluntariness of his plea.

Although the plea agreement anticipated that his criminal history score would be H or I—which would place him in the border box of the sentencing guidelines grid—his presentence investigation (PSI) report showed a criminal history score of C. This was based in part on a 2002 conviction for fleeing or attempting to elude a police officer that Paddock had evidently forgotten about and thought had been dropped. After receiving the PSI, Paddock filed an objection to his criminal history score. In addition, he filed a motion requesting a dispositional departure sentence to probation.

At his sentencing hearing—which was held on December 7, 2023—Paddock withdrew his objection to his criminal history score. However, he continued to request a dispositional departure. Ultimately, the district court denied the motion and sentenced Paddock to a total of 84 months in prison. In doing so, the district court informed Paddock that he had the right to appeal within 14 days of the date of sentencing. Likewise, the district court informed him that an attorney would be appointed to represent him if he could not afford one. Finally, the district court encouraged Paddock to talk to his attorney about "those important rights."

In a letter postmarked May 31, 2024, Paddock indicated that he desired to appeal his sentence and asked that an attorney be appointed to represent him. A notice of appeal was filed on June 6, 2024, and the district court appointed appellate counsel on June 10, 2024. Due to the untimeliness of Paddock's notice of appeal, this court remanded the matter to the district court for a hearing to determine whether case law exceptions to the

requirement of a timely notice of appeal apply in this case. The remand order indicated that if Paddock were to pursue an appeal after an adverse decision from the district court on remand, "the only appealable issue is whether the district court erred in determining that the *Ortiz* exceptions did not apply. If we determine that the district court did not err, the appeal will be dismissed for lack of jurisdiction."

On remand, the district court held an evidentiary hearing at which Paddock testified. According to Paddock, he was in shock when his criminal history score came back higher than anticipated and believed his 2002 criminal case had been dismissed. He indicated that he was not certain what he would have done with that information if he had it prior to entering his plea, but he admitted that his criminal history score as stated in the PSI moved him to a presumptive prison sentence. Significantly, Paddock did not move to withdraw his plea, nor did he ever tell his attorney that he wanted to appeal his sentence.

Paddock's trial counsel also testified at the evidentiary hearing. Counsel testified that he explained the right to appeal to Paddock while reviewing the plea documents with him. Counsel further testified that it was his common practice to go over the right to appeal with his clients to prepare for sentencing. In addition, counsel testified that he spoke with Paddock about his right to appeal soon after the sentencing hearing.

Counsel also testified that he spoke with Paddock's wife about the possibility of an appeal at some point within the 14-day period after sentencing. Moreover, counsel indicated that he has his clients review a form stating that appellate courts generally will not entertain appeals on sentences within the guideline range, but they should still let him know if they wish to appeal. According to counsel, Paddock never asked him to file a notice of appeal, nor did he give indication that he wanted to appeal.

After considering the legal arguments and evidence presented by the parties, the district court determined that Paddock was not entitled to file an appeal out of time. In

doing so, the district court explained that the *Ortiz* exceptions are "limited" and "narrowly defined" to allow untimely appeals only where there are "truly exceptional circumstances." Specifically, the district court found that it had advised Paddock of his right to appeal at the sentencing hearing—including the 14-day time limit—but no appeal had been filed. Likewise, the district court found that Paddock had retained counsel who advised him of his right to appeal and that at no time did Paddock inform his attorney that he wished to appeal. Under these circumstances, the district court concluded that Paddock had failed to meet his burden to establish that any of the *Ortiz* exceptions applies in this case.

ANALYSIS

This case now returns to us for consideration of whether the district court erred in determining that the *Ortiz* exceptions do not apply. In his brief, Paddock asserts that "fundamental fairness and substantial justice" justify his late appeal. In response, the State contends that the district court correctly found that no *Ortiz* exception apply in this case.

A defendant's right to appeal in Kansas is a purely statutory right, as the United States Constitution and the Kansas Constitution do not guarantee a right to an appeal. See *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). Under K.S.A. 22-3608(c), a defendant has 14 days in which to file a notice of appeal. Since the statutory deadline for filing an appeal is jurisdictional, a notice of appeal filed past the statutory deadline will generally result in the appeal's dismissal. See *Albright v. State*, 292 Kan. 193, 197, 251 P.3d 52 (2011).

In *Ortiz*, the Kansas Supreme Court created three judicial exceptions to the timeliness requirement. An untimely notice of appeal may be allowed if the defendant: (1) was not informed of his or her right to appeal; (2) was not furnished an attorney to

4

pursue the appeal; or (3) was furnished an attorney who failed to perfect the appeal. *State v. Collins*, 320 Kan. 211, Syl. ¶ 1, 564 P.3d 393 (2025); *Ortiz*, 230 Kan. at 735-36. The first exception is based on procedural due process; the second and third exceptions are based on the right to counsel and effectiveness of counsel. *Collins*, 320 Kan. at 216. Our Supreme Court has stated that these exceptions are "narrowly defined" and reserved for "truly exceptional circumstances." *State v. Patton*, 287 Kan. 200, 217, 195 P.3d 753 (2008).

We review a district court's ruling on whether an *Ortiz* exception applies under a dual standard. First, we review the facts underlying the district court's ruling for substantial competent evidence. Substantial competent evidence refers to legal and relevant evidence that a reasonable person could accept to support a conclusion. Second, we review the district court's legal conclusion under a de novo standard to determine whether the facts fit the exception. *Collins*, 320 Kan. at 216.

Here, Paddock makes no claim that he was not fully informed of his right to appeal or that he was not furnished an attorney to pursue the appeal. Rather, Paddock suggests that he is relying on the third exception. But his arguments do not appear to fall under any of the three exceptions. As discussed above, Paddock admitted at the *Ortiz* hearing conducted by the district court on remand that he never asked his attorney to file an appeal at any time. Furthermore, Paddock candidly acknowledges in his brief filed with this court that his attorney "did not fail under the terms of *Ortiz*."

The third exception involves a limited question of whether the defendant received effective assistance of counsel. See *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000); *State v. Shelly*, 303 Kan. 1027, Syl. ¶ 1, 371 P.3d 820 (2016). When the record shows that counsel consulted with the defendant about the right to appeal—as in this case—"the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to

follow the defendant's express instructions with respect to an appeal." *Flores-Ortega*, 528 U.S. at 478. And only when there is no consultation does the analysis move to determining whether counsel's failure to consult with the defendant itself amounts to deficient performance. 528 U.S. at 478.

Paddock suggests that he may not have fully understood the right to appeal, despite it being explained to him by his attorney and the district court numerous times before, during, and after the sentencing hearing. But as the district court found after hearing the testimony presented at the *Ortiz* hearing, Paddock was adequately informed of his right to appeal, he had an attorney who could have pursued the appeal, and he never asked his attorney to file an appeal. Based on our review of the record, we find each of the factual findings made by the district court are supported by substantial competent evidence and that its legal conclusions were legally appropriate based on these facts. Accordingly, we dismiss the appeal for lack of appellate jurisdiction.

Appeal dismissed.