NOT DESIGNATED FOR PUBLICATION

No. 122,428

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICHARD JAMES MOORE JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; TIMOTHY P. MCCARTHY, judge. Opinion filed September 17, 2021. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., GARDNER and CLINE, JJ.

PER CURIAM: Richard James Moore Jr. claims the district court had no jurisdiction to issue a written restitution order since it did not specifically order restitution during his sentencing hearing. He also challenges the constitutionality of the revised Kansas Sentencing Guidelines Act (KSGA), which relies on judicial findings of a defendant's criminal history. He claims the KSGA violates his right to a jury trial under section 5 of the Kansas Constitution Bill of Rights and violates his right under the Sixth and Fourteenth Amendments to the United States Constitution to have a jury decide facts which enhance his criminal penalty.

1

We reject Moore's constitutional challenges for the same reasons the Kansas Supreme Court rejected similar arguments in *State v. Albano*, 313 Kan. 638, 487 P.3d 750 (2021). And we affirm Moore's sentence because we find the context of the district court's comments at the sentencing hearing made it sufficiently clear that the court ordered Moore to pay the restitution he agreed to pay in his plea agreement.

In October 2019, Moore pled guilty to aggravated battery, a severity level 7 person felony. The written plea agreement, which Moore signed, called for Moore to pay $2,500 in restitution. At the sentencing hearing, the district court stated it would follow the terms of the plea agreement. It imposed a 29-month underlying prison sentence but suspended the sentence and ordered 24 months of probation. The district court did not pronounce a specific restitution order from the bench during sentencing. But when assessing costs, it waived the Board of Indigents' Defense Services (BIDS) fee based on the restitution amount.

On the same day as the sentencing hearing, the district court issued a written restitution order and a sentencing journal entry. The order required Moore to pay restitution in the amounts of $2,000 to the victim and $500 to the Johnson County Property Crime Compensation Fund. The sentencing journal entry, which defense counsel signed, included the same restitution order.

On appeal, Moore claims the district court had no jurisdiction to issue a written restitution order since it did not specifically order restitution during the sentencing hearing. A party may raise issues of subject matter jurisdiction at any time. See *State v. Delacruz*, 307 Kan. 523, 529, 411 P.3d 1207 (2018). Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

2

Restitution constitutes part of a criminal defendant's sentence. *State v. Martin*, 308 Kan. 1343, 1349, 429 P.3d 896 (2018). Moore argues the district court did not include restitution as part of his sentence since it did not specifically order restitution at the hearing. He correctly notes a sentence is effective when pronounced from the bench, and, after pronouncement, a district court generally loses jurisdiction to modify that sentence except to correct mathematical or clerical errors. *State v. Weekes*, 308 Kan. 1245, 1249, 427 P.3d 861 (2018); see *State v. Johnson*, 309 Kan. 992, 996, 441 P.3d 1036 (2019).

While we agree the district court did not specifically say it was ordering restitution, the context of the hearing reveals that it did. *State v. Hill*, 313 Kan. 1010, Syl. ¶ 4, 492 P.3d 1190 (2021) ("The meaning of a sentence may be derived from the context of the entirety of the sentencing hearing."). As the State points out, the court stated it was following the plea agreement when it pronounced its sentence. In that plea agreement, Moore agreed to pay $2,500 in restitution. The court also waived the assessment of the BIDS fee based on the restitution amount. And as the State also notes, Moore's counsel signed the journal entry that ordered him to pay $2,500 in restitution, acknowledging the parties understood restitution was part of Moore's sentence.

Under these circumstances, it was sufficiently clear to those present that the district court was adopting all aspects of the plea agreement—including Moore's agreement to pay $2,500 in restitution—as its sentence. This is particularly evident from the court's modification of its cost assessment based on the restitution amount. While the court could have been more precise in its language, its meaning was evident. We affirm the restitution order and sentence.

Moore also newly challenges the constitutionality of the KSGA, K.S.A. 2020 Supp. 21-6801 et seq., and the district court's ability to make "findings of an offender's prior convictions to establish the presumptive sentence for a current crime of conviction." Normally issues not raised before the district court cannot be raised on appeal. *State v.*

*Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Even so, we have recognized limited exceptions to this general rule. Moore argues two of these exceptions apply here: (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case and (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights. *Johnson*, 309 Kan. at 995. Moore argues his constitutional challenges involve purely questions of law and the denial of his fundamental right to a jury. We will exercise our discretion to consider Moore's arguments under these exceptions.

First, Moore argues section 5 of the Kansas Constitution Bill of Rights requires a jury, not a judge, to determine penalty-enhancing prior conviction findings. Section 5 states that "[t]he right of trial by jury shall be inviolate." When interpreting section 5, the Kansas Supreme Court has held it "'preserves the jury trial right as it historically existed at common law when our state's constitution came into existence.'" *Albano*, 313 Kan. at 641 (quoting *State v. Love*, 305 Kan. 716, 734, 387 P.3d 820 [2017]). Moore claims that "[p]rior to Kansas' statehood, American common law required any fact which increased the permissive penalty for a crime—*inclusive of an offender's prior criminal convictions*—to be proven to a jury." He contends the judicial determination of a defendant's criminal history to increase a presumptive sentence violates the constitutional right to jury trial as it existed at common law.

To support his claim, Moore cites Justice Clarence Thomas' concurrence in *Apprendi v. New Jersey*, 530 U.S. 466, 501-09, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Moore concedes that, under the *Apprendi* majority, the government does not have to prove prior conviction findings to a jury for sentencing purposes. Moore argues that Justice Thomas' concurrence in *Apprendi*, however, references one Massachusetts Supreme Court case and one Georgia Supreme Court case in which prior convictions that increased penalties were elements of crimes that required findings by a jury. 530 U.S. at 507-09. These cases—*Hines v. State*, 26 Ga. 614 (1859), and *Tuttle v. Commonwealth*, 68

Mass. 505 (1854)—predated Kansas' statehood of 1861. Moore argues Justice Thomas' analysis validates his assertion that common law placed the right to decide prior convictions in the province of the jury, not the court.

After Moore filed his brief, the Kansas Supreme Court rejected this argument, which was also made by the defendant in *Albano*:

> "[D]ecisions such as *Tuttle* and *Hines* held that the fact of a prior conviction needed to be proven to a jury in those instances. But they did not indicate this holding rested on a pre-existing common-law rule. And to the extent that these decisions could be said to support the existence of a such a rule, none of these decisions indicate Kansas followed this rule when our state Constitution came into existence." *Albano*, 313 Kan. at 654.

No authority supports Moore's assertion that section 5 guarantees a defendant the right to have a jury determine prior convictions that increase the presumptive sentence. See 313 Kan. at 657.

Because our Supreme Court has held that section 5 does not guarantee the right to a jury to determine prior convictions, we reject Moore's argument.

Next, Moore argues the district court's determination of his prior convictions violated his Sixth and Fourteenth Amendment rights under the United States Constitution. He interprets *Apprendi* to require a jury to determine his prior convictions under these constitutional provisions as well. While he acknowledges our Supreme Court foreclosed his arguments in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002), he implies *Ivory* was wrongly decided. Yet, the Kansas Supreme Court continues to rely on *Ivory*, even as recently as *Albano*. 313 Kan. at 643. We see no indication that our Supreme Court is departing from *Ivory*, so neither will we. See *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017) (noting Kansas Court of Appeals is duty-bound to

5

follow Kansas Supreme Court precedent unless some indication court is departing from previous position).

Because our Supreme Court has found the judicial determination of prior convictions under the KSGA is constitutional under the Sixth and Fourteenth Amendments, we reject this argument as well.

Affirmed.